UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 4:16CV01631 JAR |
| ANNE CORI, et al., | )<br>)<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Schedule Rule 16 Conference (Doc. No. 42).

On December 9, 2016, Plaintiffs filed this motion requesting the Court hold a pretrial conference pursuant to Fed. R. Civ. P. 16 no later than January 6, 2017. Plaintiffs also request that the Court order the parties to participate in a Rule 26 conference no later than December 16, 2016 (or permit Plaintiffs to proceed with discovery without a Rule 26 conference), and require Defendants to respond to initial discovery requests fourteen days after the initial discovery is served. Last, Plaintiffs request that the Court schedule an evidentiary hearing for a preliminary injunction in January 2017.

Plaintiffs cite with approval Rule 16 as a basis for why a pretrial scheduling conference should be held. Rule 16 states in pertinent part as follows: "[T]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared. Fed. R. Civ. P. 16(b)(2). Plaintiffs argue that Defendants appeared before the Court on November 7, 2016, and that a scheduling order must be issued no later than

January 6, 2017.

The Court, however, finds good cause for delay as to Plaintiffs requests to open discovery and schedule a Rule 16 conference. In addition to other filings, there is presently before the Court a pending motion to dismiss or, in the alternative, for a stay ("Defendants' Motion"). (Doc. No. 16). Defendants' Motion became fully briefed on December 7, 2016. Defendants argue that this action should be dismissed because Plaintiffs' Complaint fails to join a necessary party under Rule 19 and fails to state a claim upon which relief can be granted. Alternatively, Defendants argue the instant action should be dismissed or stayed under the abstention doctrine, as there is related litigation in Madison County, Illinois. The Court finds that Defendants' Motion may be case-dispositive, and good cause exists to delay discovery and the issuance of a scheduling order at this time.[1] The Court will therefore deny Plaintiffs' motion, and will consider and rule on Defendants' Motion before proceeding to any further scheduling.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Schedule Rule 16 Conference (Doc. No.42) is **DENIED** without prejudice. The Court will consider any scheduling matters under Fed. R. Civ. P. 16 pending its resolution of Defendant's Motion.

Dated this 13th day of December, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that two other cases involving some or many of the parties in the instant action are pending—one in the Third Judicial Circuit of Madison County, Illinois and another in the U.S. District Court for the Southern District of Illinois. As the Court noted in its Memorandum and Order denying Plaintiffs' motion for a temporary restraining order (Doc. No. 27), many of the parties in the instant action are currently subject to a temporary restraining order issued in Illinois state court.