UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:16-cv-01631-JAR ) |
| ANNE CORI, et al., | ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM & ORDER

This matter is before the Court on its April 27, 2017 Order to Show Cause why this matter should not be stayed pending the resolution of the Madison County case and St. Louis County probate case. (Doc. 59). Plaintiffs and Defendants filed responses, and the matter is ripe for disposition. For the reasons set forth below, this matter will be stayed.

## BACKGROUND

This lawsuit was brought by Plaintiffs Phyllis Schlafly Revocable Trust, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund against Defendants Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, Shirley Curry, Jane or John Does 1-5, and Eagle Forum.[1] The parties in this matter are embroiled in numerous lawsuits in this district and other state and federal courts. The Court has previously set forth a detailed record of the proceedings between the parties. Therefore, the Court will only discuss the cases pertinent to its analysis.

---

[1] Defendants Anne Cori, Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, Shirley Curry shall hereinafter be collectively referred to as "Majority Directors."

Madison County case

On April 22, 2016, the Majority Directors filed an action against Ed Martin and John Schlafly in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois, *see Cori v. Martin*, No. 2016MR000111 (Ill. Cir. Ct. Oct. 20, 2016) ("the Madison County case") (Doc. 22.3). In the first amended complaint,[2] the Majority Directors assert breaches of fiduciary duty; aiding and abetting these breaches of fiduciary duty; civil conspiracy; equitable action for accounting; action to compel access to books and records; declaratory judgment that, inter alia, the actions taken at an April 11, 2016 Board Meeting removing Ed Martin as president were lawful; and injunctive relief.

On April 29, 2016, the Madison County Court entered a TRO that, inter alia, required John Schlafly and Ed Martin to give the Majority Directors access to the Eagle Forum headquarters and all Eagle Forum property. (Doc. 7.10 at 40-42). On October 20, 2016, the Madison County Court entered an amended TRO suspending John Schlafly from the Eagle Forum Board, enjoining him from accessing Eagle Forum property, and granting the Majority Directors temporary sole control of and possession over all Eagle Forum property ("Madison County TRO"). That property included the eagleforum.org domain name and website and the list of 14,000 active Eagle Forum members and the contact list of 41,000 emails used by Eagle Forum for mass emails.

Thereafter, Eagle Trust Fund and Eagle Forum Education and Legal Defense Fund removed the action from Madison County to the U.S. District Court for the Southern District of Illinois based on the federal claims of trademark and copyright infringement. (*Cori, et al., v.*

---

[2] The amended complaint was filed by the Majority Directors against Edward R. Martin, Jr., John F. Schlafly, Andrew L. Schlafly, Kathleen Sullivan, the Estate of Phyllis M. Schlafly, Eagle Trust Fund, Eagle Forum Education and Legal Defense Fund, and Eagle Forum.

*Edward R. Martin, Jr., et al.*, 3:17-cv-590-DRH-RJD (S.D.IL. filed June 2, 2017), Doc. 1). On June 9, 2017, the Majority Directors filed a motion to remand, asserting that while the amended complaint involved federal claims, the nature of the claims is ownership of intellectual property, which they contend is a question of state law. (*Id.* at Docs. 19, 22). No ruling has been made on the motion to remand.

On August 7, 2017, Eagle Trust Fund and Eagle Forum Education and Legal Defense Fund filed a counterclaim against the Majority Directors. (*Id.* at Doc. 55). The counterclaim alleges copyright violations, trademark infringement under the Lanham Act, 15 U.S.C. §1125, and violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, regarding the Eagle Marks;[3] the Phyllis Schlafly registered word mark; Eagle Design Mark # 1;[4] Eagle Design Mark # 2;[5] *The Phyllis Schlafly Report*; various Eagle website entities, emails services, and web servers, including EagleForum.org and PhyllisSchlafly.com; the Schlafly Database; Phyllis Schlafly's name, image, and likeness; and various publications displayed on EagleForum.org. Plaintiffs also seek a declaratory judgment regarding validity and effect of licensure; a declaratory judgment that Defendants have no legal rights, title, or interests in the Schlafly Database, derivative mailing lists, donor lists, data subsets, EagleForum.org, or PhyllisSchlafly.com; and a permanent injunction enjoining Defendants from using the above-referenced intellectual property or accessing, using, or disclosing to third parties the Schlafly Database.

---

[3]    The Eagle Marks include the Eagles are Flying, the Eagle Council, and the Eagle Awards. (Counterclaim, Doc. 55).

[4]    Eagle Design Mark # 1 is registered under Registration No. 2,671,224.

[5]    Eagle Design Mark # 2 is registered under Registration No. 2,497,754.

St. Louis County probate case

On March 20, 2017, Anne Cori filed a Petition in the Probate Division of the Circuit Court for the County of St. Louis, Missouri ("St. Louis County probate case"), seeking to set aside two amendments to the Phyllis Schlafly Revocable Trust, one dated May 26, 2016 ("May 26 Amendment") and another dated August 31, 2016 ("August 31 Amendment"). (Doc. 49.6). The May 26 Amendment reduced Anne Cori's share in the trust by all "lawsuit related costs" incurred by Plaintiffs in the Madison County lawsuit, or any matter related to that litigation. The August 31 Amendment transferred all of Phyllis Schlafly's copyrights, moral rights, intellectual property rights, and trademark rights, and her interest in her name, persona and likeness, to the Phyllis Schlafly Royalty Trust II.

In the St. Louis County probate case, Cori alleges that when Phyllis Schlafly signed the May 26 and August 31 Amendments, she lacked testamentary capacity and was subject to undue influence by John Schlafly and others (Doc. 49.6 at 9-11). She also alleges that John Schlafly has breached his fiduciary duties as sole trustee of the Trust by using Trust assets to pay legal fees he has incurred in the Madison County case, the Southern District of Illinois case (discussed below), and/or this case (*Id*. at 11-12).

Southern District of Illinois American Eagles case

On August 24, 2016, the Majority Directors, on behalf of Eagle Forum, filed an action against Phyllis Schlafly's American Eagles ("PSAE") in the U.S. District Court for the Southern District of Illinois ("the SDIL American Eagles case"), *Cori v. Phyllis Schlafly's American Eagles*, 3:16-CV-946-DRH-RJD (S.D. IL Filed August 24, 2016). In the SDIL American Eagles case, the Majority Directors allege that PSAE has converted its assets; infringed upon Eagle Forum service marks, tradenames, and trademarks; engaged in unfair competition; diluted its

4

brands, names, and marks; and committed cyberpiracy. (Amended Complaint (Doc. 40) in the SDIL American Eagles case).

The instant lawsuit

In their amended complaint, Plaintiffs assert eight counts. Count I, violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, involves the Schlafly Database. (Am. Compl. at ¶¶ 145-70). Counts II, III, and IV assert violations of the Lanham Act and involve the Eagle, the Eagle Logo,[6] Phyllis Schlafly marks,[7] and Phyllis Schlafly's name, image, and likeness. (*Id.* at ¶¶ 171-206). Count V asserts a claim under the Missouri Uniform Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. § 417.450 *et seq.* (*Id.* at ¶¶ 207-229), and involves the Schlafly Database. Count VI asserts violations of rights of publicity under Missouri common law with regard to Phyllis Schlafly's name and likeness. (*Id.* at ¶¶ 230-243). Count VII asserts a claim of trademark infringement and unfair competition under Missouri common law and involves the Eagle Marks, the Phyllis Schlafly Marks, and Phyllis Schlafly's name and likeness. (*Id.* at ¶¶ 244-52).

In Count VIII, Plaintiffs seek an entry of declaratory judgment that "Defendants have no legal rights, title, or interests in the Schlafly Database, derivative mailing lists, donor list, data subsets, [E]agle[F]orum.org, or PhyllisSchlafly.com, and related websites." (*Id.* at ¶¶ 244-247). In Count IX, Plaintiffs allege tortious interference with business expectancies under Missouri law and involves EagleForum.org, PhyllisSchlafly.com, and cash donations. (*Id.* at ¶¶ 259-79). Plaintiffs also allege that Defendants conduct violated the October 20 Madison County TRO.

---

[6] The Eagle Logo is registered under Registration No. 2,497,754.

[7] In June 1976, Phyllis Schlafly used her own name as a trademark on or in connection with the publication, promotion, and distribution of *The Phyllis Schlafly Report*. (Am. Compl. at ¶ 79).

Counts X and XI allege trademark infringement and trademark dilution under 15 U.S.C. § 1125(a) and (c) and involve *The Phyllis Schlafly Report*. (*Id.* at ¶¶ 280-305). The final count, Count XII, contains allegations of unfair competition under Illinois common law and 815 ILCS § 510 and concerns *The Phyllis Schlafly Report*. (*Id.* at 306-08).

## DISCUSSION

The district court has the inherent power to grant a stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it. *Webb v. R. Rowland & Co.*, 800 F.2d 803, 808 (8th Cir. 1986). Upon review of the pleadings filed in the Southern District of Illinois, the Court finds that the claims made and remedies sought in the Madison County lawsuit are substantially similar to those made and sought here. Furthermore, both put the same property at issue and involve the same parties.

The Madison County lawsuit has been pending since April 22, 2016. The parties have engaged in extensive discovery and motion practice, and the Madison County Court has issued several orders in that litigation. In contrast, no case management order has been entered in this case, nor has discovery been conducted. Any delay caused by a stay would not have an adverse impact on the rights sought to be enforced in this litigation or prejudice the parties. *See 3M Innovative Properties Co. v. Dupont Dow Elastomers LLC*, No. 03-3364 MJD/AJB, 2005 WL 2216317, at *3 (D. Minn. Sept. 8, 2005). Moreover, rulings in the SDIL American Eagles case and the St. Louis County probate case may impact the property at issue in this case.

The Court concludes that a temporary stay would serve the best interests of the Court and parties and would avoid inconsistent rulings. *See Fujikawa v. Gushiken*, 823 F.2d 1341 (9th Cir. 1987). Therefore, the Court will exercise its inherent authority and enter a temporary stay in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **STAYED**.

**IT IS FURTHER ORDERED** that the parties shall submit a report advising the Court of the status of related cases **every six (6) months** or **within ten (10) days** of any final judgment or ruling on a dispositive motion.

**IT IS FINALLY ORDERED** that the clerk of the Court shall administratively close this case.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

Dated this 15th day of November, 2017.