**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., ) ) ) Plaintiffs, ) ) v. ) ) ANNE CORI, et al., ) ) Defendants. ) | Case No. 4:16-cv-01631-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to lift the stay. (Doc. No. 110). The Court originally stayed this case on November 15, 2017, due to the existence of related lawsuits in various jurisdictions that had issues that overlapped with issues before this Court. (Doc. No. 82). Most recently, the Court continued the stay on January 24, 2020, because two of the related cases—the Madison County lawsuit and the St. Louis County probate case—were set for trial and were to be heard in the near future. Because of the imminence of those trials, the Court found it appropriate to keep the stay in place for a "short period of time." (Doc. No. 107).

In their motion, Plaintiffs argue that the progress in the related lawsuits warrant that the stay be lifted. Specifically, Plaintiffs assert that the trial date for the Madison County lawsuit is now no longer imminent due, in part, to the ongoing coronavirus pandemic and that the St. Louis County probate case has since settled. Given that this case has been stayed for a substantial period of time and that the Madison County lawsuit will likely be continued to at least August 2020, Plaintiffs argue that the Court should allow this case to proceed on its merits. In response, Defendants argue that proceeding with this case while the Madison County lawsuit is ongoing creates the risk of inconsistent rulings. Further, Defendants contend that—although the probate

1

case has settled—Bruce Schlafly has since filed an abuse of process lawsuit against Defendant Anne Cori in St. Louis County alleging that her claims of incapacity and undue influence in the probate action were baseless. Defendants argue that to the extent those issues were removed from the probate action that they have been given new life in the abuse of process lawsuit. Defendants, therefore, argue that continuing the stay is appropriate and that the stay should remain in place "at the very least" until judgment is entered in the Madison County lawsuit.

After careful consideration, the Court finds that the stay should be lifted. The Court continued the stay in this case because it believed that related lawsuits were imminently going to trial and would soon be resolved. After reviewing the parties' briefings, it is clear that is no longer the case. Because the pending litigation that justified the temporary stay is no longer imminent or has since settled, the Court believes that the just course is to allow this case to progress on the merits.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Lift Stay is **GRANTED**. (Doc. No. 110).

**IT IS FURTHER ORDERED** that the stay originally entered in this case on November 15, 2017, is **HEREBY LIFTED**. (Doc. No. 82).

**IT IS FURTHER ORDERED** that the parties shall confer and propose a scheduling plan to the Court on or before **May 19, 2020**.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of May, 2020.