UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:16-cv-01631-JAR |
| ANNE CORI, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion for leave to file a second amended complaint. (Doc. No. 135). Defendants Cathie Adams, Anne Cori, Shirley Curry, Rosina Kovar, Carolyn McLarty, and Eunie Smith (hereinafter, the "Individual Defendants") filed their opposition to the motion on July 24, 2020. (Doc. No. 136). For the following reasons, the Court will grant Plaintiff's motion.

### I.    Background

On October 19, 2016, Plaintiffs Phyllis Schlafly Revocable Trust, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund initiated this action against the Individual Defendants, Jane or John Does 1-5, and Eagle Forum. Plaintiffs' amended complaint, filed April 17, 2017, asserts twelve counts against Defendants, alleging, among other things, the infringement and misappropriation of intellectual property that previously belonged to the late Phyllis Schlafly.

On November 15, 2017, the Court determined that a temporary stay was appropriate in this case due to the existence of related lawsuits in various jurisdictions that had issues that overlapped with issues before this Court. The Court directed the parties to keep it apprised of the status of those cases so it could continue to monitor the appropriateness of the continued stay. In Plaintiffs' status report filed April 6, 2020, they moved to have the stay lifted, arguing that progression (and

1

non-progression) in other related ligation supported moving forward with the instant case. Plaintiffs further argued that they had recently discovered evidence that Defendants—through the use of a cyber-intelligence company known as SpearTip—had stolen an important trade secret (hereinafter, the "Schlafly Database") in 2016 and that immediate resumption of this case was necessary so that Plaintiffs could prevent Defendants from continued misappropriation.  After considering the arguments of the parties, the Court ultimately lifted the stay on May 12, 2020, finding that the just course was to allow this case to progress on the merits.  The Court subsequently directed the parties to confer and propose a scheduling plan.

The parties filed their joint scheduling plan on May 19, 2020, wherein the parties agreed to an expedited schedule.  The Court adopted the parties' scheduling plan and entered a case management order for this case on  May 21, 2020.  The scheduling order set the deadline for filing an amended complaint and joining additional parties for July 10, 2020.

On June 8, 2020, the Individual Defendants and Defendant Eagle Forum filed motions to dismiss Plaintiffs' amended complaint.  (Doc. Nos. 124, 127).  These motions became fully briefed and ready for disposition on July 2, 2020.  Shortly after, on July 10, 2020, Plaintiffs submitted the instant motion to file a second amended complaint in order to add specific allegations detailing the Defendants' theft of the Schlafly Database as facilitated by SpearTip and to add claims for trade secret misappropriation under the Federal Defend Trade Secrets Act and Missouri Uniform Trade Secrets Act against SpearTip.

## II.      Discussion

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See Lexington Ins. Co. v. S & N Display Fireworks, Inc.*, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice

so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks*, Inc., 532 F.3d 709, 715 (8th Cir. 2008).  "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist, LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

Here, Plaintiffs argue that they should be granted leave to file their second amended complaint because, in addition to providing more factual detail, the inclusion of the claims against SpearTip will allow for an efficient and complete resolution of this dispute.  Plaintiffs further argue that the case has not progressed far enough for an amended pleading to unfairly prejudice Defendants, especially given that the new claims are against a different party.

In response, Defendants argue that, given the expedited schedule that the parties agreed to, allowing for Plaintiffs to amend their complaint would be prejudicial because there would not be enough time to re-brief the currently outstanding motions to dismiss.  Defendants assert that forcing the parties to re-brief the motions to dismiss would also be inefficient and allege that Plaintiffs are attempting to inject delay into the proceedings to necessitate the changing of the scheduling order.  Defendants further express doubt as to the legitimacy of adding SpearTip—an ESI vendor hired by Defendants in connection with the Madison County Lawsuit—as a party to the lawsuit.

3

The Court has considered the arguments of the parties, but ultimately finds that Plaintiffs' motion should be granted.  The Court is cognizant of the fact that Plaintiffs' timely, albeit last-moment, motion to amend creates inefficiencies given the two outstanding and fully briefed motions to dismiss.  The Court also recognizes the fact that the timing of this motion appears to be in direct contradiction to Plaintiffs' previously expressed desire to move expeditiously forward with this case, especially given that Plaintiffs were knowledgeable of SpearTip and its actions dating back to at least April 6, 2020.  However, the parties conferred about, agreed to, and requested that July 10, 2020, be the deadline for the parties to add claims and join parties.  The Court entered a scheduling order based on the parties' agreement and Plaintiffs have met that deadline.  As such, Plaintiffs had the Court's leave to file their second amended complaint and no argument that Defendants have raised convinces the Court that Plaintiffs' motion should not be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file a second amended complaint and to add SpearTip as a party is **GRANTED**. (Doc. No. 135).

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss are **DENIED as moot**. (Doc. Nos. 124, 127).

**IT IS FURTHER ORDERED** that, given the addition of SpearTip, the case management order is **VACATED** to be reset upon later instruction by the Court.  (Doc. No. 123).

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of August, 2020.

4