**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:16-cv-01631-JAR |
| ANNE CORI, et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Anne Cori, Cathie Adams, Shirley Curry, Rosina Kovar, Carolyn McLarty, and Eunie Smith's ("Individual Defendants") Motion to Dismiss. (Doc. No. 142). Plaintiffs filed their initial complaint on October 19, 2016, alleging numerous claims against five John Does, Anne Cori, Cathie Adams, Shirley Curry, Rosina Kovar, Carolyn McLarty, and Eunie Smith. Plaintiffs have since amended their complaint twice. Defendants Smith, Adams, McLarty, Kovar, and Shirley ("Non-Cori Individual Defendants") argue dismissal of all claims against them is appropriate because, even after amending their complaint twice, Plaintiffs have not made specific factual allegations concerning them.

Individual Defendants filed their Motion to Dismiss on August 25, 2020 and Plaintiffs filed their response on September 8, 2020. One week later, on September 15, 2020, Judge Dungan entered an order granting summary judgment in a related case. *See Anne Schlafly Cori, et al. v. Edward R. Martin, Jr., et al.*, Cause No. 2016MR000111. ("State Court Order"). The Individual Defendants argue this decision provides a separate and independent basis for

dismissal of the Plaintiffs' claims as they relate to *EagleForum.org*.  (Doc. No. 149 at 3).  Individual Defendants ask the Court to order briefing on the impact of the State Court Order.

For the reasons set forth below, the Individual Defendants' Motion to Dismiss will be granted in part and all claims against the Non-Cori Individual Defendant will be dismissed.  The Court further agrees that briefing on the impact of the State Court Order on Defendants Cori and Eagle Forum's Motions to Dismiss is appropriate.  (Doc. Nos. 140, 142).

## LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Id.* at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). Ultimately, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

## DISCUSSION

The Non-Cori Individual Defendants move to dismiss because Plaintiffs failed to plead a "short and plain statement of the claim showing that pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiffs have made no non-conclusory factual allegations about any of the Non-Cori

Individual Defendants.  They have not met their burden, so dismissal of the claims against the Non-Cori Individual Defendants is appropriate.

Plaintiffs filed their initial claim in October of 2016.  They have amended their complaint twice in the nearly four years that passed.  In their Second Amended Complaint, Plaintiffs still fail to allege a single fact about any of the Non-Cori Individual Defendants outside jurisdictional allegations.  Instead, they lump six named individuals and five John Does into a group they refer to as "Individual Defendants."  Plaintiffs reference the Individual Defendants more than forty times in their Second Amended Complaint. However, with the exception of Defendant Anne Cori, Plaintiffs do not make a single allegation about any specific action taken by any of the Individual Defendants.

Plaintiffs claim their Second Amended Complaint is adequately pled because it alleges the Individual Defendants acted in concert.  This does not relieve them of their obligation to set forth facts about the conduct of the individual defendants.  Plaintiffs had four years and three chances to make specific allegations about the conduct of the Non-Cori Individual Defendants. Instead, they make vague allegations attributing conduct to a group of up to eleven defendants. Allegations that a group of defendants "engaged in certain conduct, making no distinction" between the individual defendants does not comport with Rule 8(a). *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001).

Plaintiffs ask that the Court grant them leave to amend their complaint to correct any defects.  "Persistent violations of Rule 8…will justify dismissals with prejudice." *Larson v. Stow,* 36 F.3d 1100 (8th Cir. 1994).  Plaintiffs have amended their complaint twice already. Their claim is dismissed with prejudice.

Individual Defendants further propose the parties separately brief the impact and effect of the State Court Order on claims related to the ownership of *Eagleforum.org*. The order was published after most of the briefing on the current motion. Briefing on the impact of the State Court Order before the Court rules on the Motion to Dismiss as it pertains to Anne Cori and Eagle Forum's Motion to Dismiss is appropriate. (Doc. Nos. 140, 142).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Individual Defendant's Motion to Dismiss, (Doc. No. 140), is **GRANTED in part**. All claims asserted against Defendants Cathie Adams, Shirley Curry, Rosina Kovar, Carolyn McLarty, and Eunie Smith are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that the remaining Defendants shall brief the Court on the impact of the Judgment and Order entered September 14, 2020 in Cause No. 2016MR000111 within **fifteen days** of the date of this order. Plaintiffs shall have **ten days** to respond.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of November, 2020.