UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, ET AL.<br><br>PLAINTIFFS<br><br>v.<br><br>ANNE CORI, ET AL.<br><br>DEFENDANTS. | CIVIL ACTION NO. 4:16-CV-01631 |

## PLAINTIFFS' RESPONSE TO DEFENDANT CORI'S MOTION TO COMPEL DISCOVERY

Plaintiffs Phyllis Schlafly Revocable Trust ("PSRT"), Eagle Trust Fund ("ETF"), and Eagle Forum Education and Legal Defense Fund ("Eagle Forum (c)(3)"), respond as follows to Defendant Cori's motion to compel discovery.

1. On October 20, 2020, Cori served the Written Discovery Directed to Plaintiffs, via electronic and U.S. mail. A true and accurate copy of the Written Discovery Directed to Plaintiffs is attached hereto as Group Exhibit A.

   **ANSWER:   Admitted.**

2. By operation of the Federal Rules of Civil Procedure, Plaintiff's responses to the Documents Requests and Interrogatories were due on or before November 19, 2020.

   **ANSWER:   Admitted, saving only Plaintiffs' objections.**

3. On November 17, 2020, at 7:26 PM, Plaintiffs' counsel requested an extension of sixty (60) days to respond to the Written Discovery Directed to Plaintiffs. On November 18, 2020 at 9:25 AM, Cori's counsel advised that "[w]e are unable to agree to your request for a 60-day extension..."  See E-Mail Correspondence between E. Solverud and P. Sweeney

1

from November 17-18, 2020, a true and accurate copy of which is attached hereto as Exhibit B.

**ANSWER:   Plaintiffs requested an extension to respond to Cori's discovery requests, which consisted of 43 separate requests for production, containing an additional 29 subparts (72 total), to Plaintiff ETF; 50 separate requests for production, containing an additional 61 subparts to Plaintiff PSRT (111 total); and 41 separate requests for production, containing an additional 29 subparts, to Plaintiff Eagle Forum (c)(3)(70 total).**

**Cori also submitted 23 interrogatories to ETF; 25 interrogatories to PSRT; and 20 interrogatories to Eagle Forum (c)(3). In total, Cori submitted 202 separate discovery requests (321 requests including subparts).**

**Plaintiffs further acknowledge that Cori's counsel refused Plaintiffs' request and offered no compromise over the timing or method of Plaintiffs' responses.**

4. Without any further correspondence from Plaintiffs' counsel, Plaintiffs took no further action on the Written Discovery Directed to Plaintiffs: they did not serve responses to the Written Discovery Directed to Plaintiffs, they did not serve objections to the Written Discovery Directed to Plaintiffs and they did not seek an extension, protective order or any other relief from this Court.

**ANSWER:   Plaintiffs deny that they took no further action on the Written Discovery. Plaintiffs have not only continued reviewing their records for responsive documents, but produced 1,967 responsive documents to Cori, and will continue to supplement their production seasonably. Plaintiffs did not initially file a motion for protective order in the hope that such action would ultimately be unnecessary, and**

2

**that the Parties would be able to work through discovery in a cooperative fashion without involving the Court. Once Cori filed the motion to compel discovery, however, Plaintiffs were forced to file their own motion for a protective order and this response.**

5. On November 30, 2020, counsel to Cori contacted Plaintiffs' counsel in a further attempt to resolve the discovery issues arising from Plaintiffs' failure to take any action with regard to the Written Discovery Directed to Plaintiffs.

   **ANSWER:   Plaintiffs admit that, through counsel, they continued to engage Cori in further email discussions regarding discovery responses from November 30 through December 4, 2020. Those emails, attached to Cori's motion to compel and Plaintiffs' motion for a protective order, speak for themselves.**

6. From November 30, 2020 to December 4, 2020, counsel for Cori engaged in further efforts to resolve this issue with Plaintiffs' counsel. As part of these efforts, and even though Plaintiffs had ignored their obligations under the Federal Rules of Civil Procedure, counsel to Cori proposed that responses to the Written Discovery Directed to Plaintiffs could be served on December 18, 2020. Plaintiffs' counsel responded that he would only agree to this if Cori agreed that Plaintiffs' objections could be preserved and subsequently asserted even though none were made on or before November 19, 2020. Counsel to Cori did not agree to this. Plaintiffs' counsel also appeared to be placing additional preconditions and/or limitations on his client's discovery obligations beyond or different from those required by the Federal Rules of Civil Procedure. See E-Mail Correspondence between E. Solverud and P. Sweeney from November 30 to December 4, 2020, a true and accurate copy of which is attached hereto as Exhibit C.

      **ANSWER:** **It is admitted that counsel for Plaintiffs and counsel for Cori engaged in further email discussions regarding discovery responses from November 30 through December 4, 2020. It is further admitted that Cori's counsel demanded that Plaintiffs provide complete responses, without objection, by December 18, 2020. Plaintiffs could not agree to this because Cori's discovery requests continue to seek information and documentation that is not discoverable under Fed. R. Civ. Pro. 26(b). Plaintiffs deny they have attempted to place limitation on Cori's discovery requests beyond or different than those required by the Federal Rules of Civil Procedure. Rather, Plaintiffs sought to limit Cori's discovery requests to discoverable information and documents proportional to the needs of the case, in line with the scope of the dispute(approximately the last 5 years, not Phyllis Schlafly's entire 55-year career as a public figure), and sought a stipulated protective order covering proprietary business and financial records.**

7. On December 3, 2020, Plaintiffs' counsel advised that if no agreement could be reached, "Plaintiffs will be seeking a protective order…" along the lines of the possible objections raised by Plaintiff in e-mail, but never actually asserted.  On December 4, 2020,counsel for Cori requested that Plaintiff "[p]lease advise when you intend to file your clients' motion" for a protective order.  See Ex. C, E-Mail Correspondence.  Plaintiffs' counsel ignored this request.

      **ANSWER:** **Plaintiffs concede they did not provide Cori with a date for the filing of a motion for protective order because Plaintiffs did not wish to file it and involve the Court in non-substantive discovery dispute. The motion for a protective order was filed as a last resort in response to Cori's motion to compel.**

8. As of the date of this filing, and notwithstanding the clear requirements under the Federal Rules of Civil Procedure and Cori's attempts to confer with Plaintiffs, Plaintiffs have still not served responses to the Written Discovery Directed to Plaintiffs, served objections to the Written Discovery Directed to Plaintiffs or sought an extension, protective order or any other relief from this Court.

   **ANSWER:    Plaintiffs have sought a protective order and have produced responsive documents to Cori. Plaintiffs are producing 1,967 additional responsive documents to Cori and will continue to supplement their production seasonably. Many of the documents request overlap entirely or significantly with the more than 220,000 documents certain Plaintiffs (or entities related to Plaintiffs) have produced to Cori in other cases. Yet she continues to demand more information without making a reasonable effort to tailor the requests to this case or limit the scope to actual claims or defenses.**

9. Cori requests that this Court enter its Order (1) compelling Plaintiffs to respond and produce documents in response to the Written Discovery Directed to Plaintiffs immediately and without objection and (2) directing Plaintiffs to pay to Cori her reasonable expenses incurred in connection with enforcing Plaintiffs' discovery obligations and making the present Motion.

   **ANSWER:    Plaintiffs request that the Court deny Cori's motion to compel and enter a protective order requested by Plaintiffs in their motion for a protective order. Plaintiffs are diligently reviewing records and attempting to respond to Cori's onerous and unduly burdensome discovery requests. However, Plaintiffs now require the Court to limit Cori's discovery to information and documents relevant to the**

5

**claims and defenses at issue here, and in a manner proportionate to the needs of this case.**

10. Pursuant to Local Rule 3.04, the undersigned counsel certifies that he has attempted in good faith to resolve the foregoing dispute with counsel for Plaintiffs. Such efforts include, but are not limited to, the communications in the e-mail correspondence attached hereto and a telephone call between Erik Solverud, counsel for Cori, and Patrick Sweeney, Plaintiffs' counsel, which occurred on December 1, 2020 at or around 1:00 PM.

**ANSWER:** Plaintiffs concede that those emails and communications took place, but deny that Cori's counsel has made a good-faith effort to resolve this dispute.

## SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT CORI'S MOTION TO COMPEL DISCOVERY

### I. Responsive documents are already in Cori's possession or will be made available to her for inspection

As the Court is aware, Cori has been party to several other lawsuits over Eagle Forum (c)(4). The various litigation across the country stem from actions taken by Cori and five other Eagle Forum (c)(4) board members to seize control of Eagle Forum (c)(4) from its founder, Phyllis Schlafly and her chosen successor, Ed Martin. Extensive discovery and a bench trial have already taken place in the first lawsuit between the parties, in Madison County, Illinois state court.

Cori has already received a tremendous amount of discovery through the Madison County Action. Plaintiffs' counsel here has received a copy of that production, and it consists of more than 51 gigabytes of data on more than 220,000 separate files. The affidavit of attorney Patrick Sweeney attesting to the size of these files is attached as **Exhibit 1**. These Plaintiffs are reviewing the documents produced in the Madison County Action to determine whether those documents are

responsive to Cori's discovery requests here, and whether another review of electronic records will be necessary.

Further, Cori's requests for production commonly lack any temporal limitations, and responsive documents likely exist which were generated before digital storage became commonplace. Phyllis Schlafly began her public career in the 1960s and organized Eagle Forum (c)(4) in 1975. ETF is even older. In the Madison County Action, Cori was granted access to the Phyllis Schlafly Archives to review whether those Archives contained documents belonging to Eagle Forum (c)(4). The Archives are estimated to contain hundreds of thousands of documents related to Phyllis Schlafly's public career, including thousands of volumes of books and publications, around a thousand DVDs of video materials, and dozens of file cabinets and bankers' boxes full of materials.

Cori has propounded vast discovery requests with full knowledge of the expansive universe of documents maintained by Plaintiffs, and after already receiving more than 51 gigabytes of data through the Madison County Action. Yet she refused Plaintiffs' request for a reasonable extension, instead engaging in discovery gamesmanship.

Plaintiffs are providing responsive documents and information, and will continue to do so. Plaintiffs need, however, adequate time to complete such a task, in recognizing the amount of material to be reviewed in proportion to the claims and defenses actually asserted.

**II.     Many of Cori's discovery requests are beyond the scope of permissible discovery**

Plaintiffs have detailed their objections to various discovery requests propounded by Cori, and incorporate by reference their motion for a protective order. Cori here seeks an order compelling a response to all written discovery without objection. But under Fed. R. Civ. P. 26(b), Cori may only obtain discovery of "nonprivileged matter that is relevant to any party's claim or defense and

7

proportional to the needs of the case[.]" While some of Cori's discovery falls within that rule, much of it does not. A motion to compel is properly denied when the discovery requests seeks material that is nondiscoverable or irrelevant. Williams v. Mansey, 785 F.2d 631, 636-637 (8th Cir. 1986). There must be at least a "threshold showing of relevance" before parties "are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

For example, Cori seeks information regarding "all monies personally invested by Phyllis Schlafly, which have not been reimbursed by any organization or individual, develop her 'considerable political and professional image to the public[.]'" Interrogatory #13 to Eagle Forum (c)(3). Not only is this question tediously overbroad and unduly burdensome—Cori is requesting personal financial information for a deceased person spanning a 55-year public career—but her demands are immaterial to whether defendants misappropriated trade secrets or infringed on trademarks and copyrighted materials. Cori has pointed to no claim or defense that it needs a half-century's worth of personal financial information from Plaintiffs to muster her defense. Indeed, it matters very little—if at all—how much money Mrs. Schlafly "personally" invested in her own image. This case turns on who now owns the right to use her name, image, and likeness, and whether the Defendants have infringed that right.

Cori has requested information about "all payments made to Roger Schlafly" by Eagle Forum (c)(3), Interrogatory # 17 to Eagle Forum (c)(3), but Roger Schlafly is not a party to this action and is not asserting any ownership rights over the intellectual property at issue. Again, this request is appears impertinent and interposed to create hardship and undue burden.

8

Cori has requested information regarding "all personal property, intangible property or intellectual property that was transferred to PSRT by virtue of the last will and testament of Phyllis Schlafly [,]" Interrogatory #17 to PSRT, but only specific items of Mrs. Schlafly's property are at issue. It is irrelevant to this Court what items of personal property, intangible property, and so on Mrs. Schlafly transferred to PSRT if those items are not disputed here.

Cori has requested the source code for the Schlafly Database, Request for Production #19 to PSRT, but this information has no relevance to the ownership of the Database or any misappropriation or misuse of the Database. In fact, the Database was originally compiled on paper index cards and was only reduced to an electronic database (using proprietary source code) some decades later. For Cori's counsel to even ask for this is abusive discovery run riot.

Cori has also propounded discovery requests so broad that they are practically impossible to respond to. For example, Cori has requested production of "all documents that refer or relate to, or otherwise evidence, the value of Phyllis Schlafly's name, image and likeness." Request for Production #9 to Eagle Forum (c)(3). Plaintiffs bear the burden of proving the value of Mrs. Schlafly's name, image, and likeness, and will do so. But Plaintiffs do not know what documents "refer or relate to, or otherwise evidence," the value of that intellectual property. Conceivably, this could include any endorsement, publication, speech, solicitation, or statement that Mrs. Schlafly made over the course of her entire career. It could also include every statement made or publication issued about Mrs. Schlafly. This will have to be established through testimony and expert review once the pleadings are closed and the case develops. Plaintiffs will be provided with copies of any documents used to establish the value of Mrs. Schlafly's name, image, and likeness, as well as any documents that Plaintiffs identify referencing the value of her name, image, and likeness. Beyond

that, Plaintiffs cannot reasonably respond to this request, and do not understand the universe of documents that this request encompasses.

Similarly, Cori has requested all documents supporting the contention that "[Phyllis] Schlafly's name, image and likeness have come to be associated in the minds of the public with her political positions and philosophy" and "with a high level of honor and integrity[.]" Request for Production ## 10 and 11 to Eagle Forum (c)(3). This is a fairly bizarre request from Cori, who is Mrs. Schlafly's daughter and is now trading on Mrs. Schlafly's name. This entire dispute began because Cori wanted to gain control of Mrs. Schlafly's political and social apparatus. All parties claim the right to use Mrs. Schlafly's name and legacy; it is undisputed that all parties seek to benefit from Mrs. Schlafly's stance as a conservative political icon and the respect that Mrs. Schlafly's supporters have for her. Plaintiffs have already produced, and will produce more, documents proving Mrs. Schlafly's public persona and the respect that she commanded. But these requests drive at irrelevant and undisputed issues, and are subsumed within Plaintiffs' burden of proving the value of Mrs. Schlafly's name, image, and likeness. The value of her name, image, and likeness turns on the level of her public support and respect. By propounding these requests, Cori seeks to impose hardship upon Plaintiffs by driving up the costs of litigation in furtherance of documenting undisputed issues.

### III. Cori would suffer no prejudice from a reasonable extension of Plaintiffs' time to respond

Nowhere in Cori's motion to compel does she allege that delays in receiving complete responses to her discovery requests have caused her any actual prejudice. Nor could she. Although this lawsuit was filed in 2017, Cori still has not answered the Complaint. Her ability to prepare for trial has not been impaired in any way. Cori has incurred no costs (apart from filing this

10

unnecessary motion to compel). Cori's posture in this lawsuit and her ability to defend against Plaintiffs' claims has not been altered.

More importantly, as explained, Cori already has access to the bulk of responsive documents. She has all the documents produced in the other litigation, including Madison County. In complex cases involving significant electronic discovery, some level of cooperation between the parties is necessary to obtain disclosure of the necessary information and minimize the costs associated with reviewing the irrelevant. Cori has not provided that cooperation, requiring this Court's involvement. Rather than availing herself of the information she already possesses, Cori is seeking to burden Plaintiffs with tremendously broad discovery requests while refusing to grant Plaintiffs sufficient time to respond.

## IV. Conclusion

While some of Cori's discovery requests are not objectionable and have been complied with, it is impracticable and unworkable for Plaintiffs to fully respond to Cori's other, more onerous demands within 30 days given the tremendous amount of documents that must be reviewed. Rather than working with Plaintiffs to accomplish discovery in a reasonable manner, Cori rejected Plaintiffs' request for any extension and filed this motion to compel. This is the same type of discovery stratagem, focusing on form over substance, that resulted in Judge Dugan levying sanctions against Cori's counsel in Madison County for discovery abuses there. Cori needs to tack in a different direction.

Plaintiffs therefore request that the Court deny Cori's motion to compel and grant the Plaintiffs' requested protective order. This would limit Plaintiffs' responsive obligations to only that which is proportional under the Court Rules, including those documents in a digital, searchable format, give Plaintiffs adequate time to review their records, limit or quash Cori's overbroad and

11

irrelevant discovery requests identified in Plaintiffs' motion for a protective order, and prevent abuse of the discovery rules to obtain secret source code or other undiscoverable materials by providing for Plaintiffs to designate as confidential proprietary and financial documentation.

Respectfully submitted,

RHOADES MCKEE PC

Date: December 28, 2020

/s/Ian A. Northon
Ian A. Northon
Michigan Bar P65082
Florida Bar 101522
Pennsylvania Bar 207733
ian@rhoadesmckee.com
smd@rhoadesmckee.com
55 Campau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December 2020, we served a true copy of the foregoing through the Court's Electronic Filing System on all counsel of record.

/s/ Ian A. Northon

### CERTIFICATE OF COMPLIANCE

I hereby certify that we used a 12-point font and doubled-space formatting under Local Rule 2.01 and otherwise conformed this brief under Local Rule 4.01(d) at fewer than 15 total pages, exclusive of the signature block and attachments.

/s/ Ian A. Northon