## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16-CV-01631-JAR ) |
| ANNE CORI, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Anne Cori's Motion to Compel Discovery, (Doc. No. 159) and Plaintiffs' Motion for Protective Order (Doc. No. 160). The motions are fully briefed and ready for disposition. For the following reasons, the motions will be denied.

**Background**

This case was initially filed in October of 2016. The parties in this matter are embroiled in numerous lawsuits in other state and federal courts. On May 21, 2020, this Court entered a Case Management Order setting a schedule for this case. (Doc. No. 123). Then, Plaintiffs moved to add SpearTip as a defendant. (Doc. No. 135). The Court granted Plaintiffs' motion and vacated the Case Management Order "to be reset upon later instruction." (Doc. No. 137). The case management order has not been reset.

Defendants filed their motions to dismiss Plaintiffs' Second Amended Complaint on August 25, 2020. (Doc. Nos. 140, 142). While those motions were pending before the Court, the parties began discovery. On October 20, 2020, Defendant Anne Cori ("Cori") served her written discovery on Plaintiffs. (Doc. No. 160). Assuming the discovery requests were properly made

despite the fact that there is no case management order in effect, Plaintiffs' responses were due on or before November 19, 2020. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). On November 17, 2020, Plaintiffs' counsel sent an email to Cori's counsel requesting an extension of sixty days to respond to the written discovery requests. On November 18, 2020, Cori responded that they would not agree to a 60-day extension. On November 30, 2020, Cori's counsel contacted Plaintiffs' counsel again. Cori proposed Plaintiffs have until December 18, 2020 to respond to the discovery requests without any objections. Plaintiffs refused to waive their objections and the parties could not come to an agreement on the discovery dispute.

On December 14, 2020, Cori moved to compel Plaintiffs to respond to the discovery requests without objection, and for the costs incurred in making this objection. (Doc. No. 159). On December 15, 2020, Plaintiffs moved for a protective order granting them additional time to respond to Cori's discovery requests, limiting the scope of the documents Cori may receive, and allowing Plaintiffs to designate certain information as privileged or confidential. (Doc. No. 160). Since those motions have been filed, Plaintiffs have provided 1,967 pages of documents to Cori. (Doc. No. 165).

**Legal standard**

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The party resisting discovery must show specifically how the requested discovery is not relevant or otherwise objectionable. Fed. R. Civ. P. 33 (b) (3)-(4); 34(b)(2)(B).

Federal Rule of Civil Procedure 33(b)(4) provides that "[a]ll grounds for an objection to an interrogatory must be stated with specificity." "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see also BancorpSouth Bank v. RWM Props. II, LLC, No. 4:11-CV-373 (JCH), 2012 WL 3939972, at *1 (E.D. Mo. Sept. 10, 2012) ("Even an objection that the information sought is privileged is waived by a failure to make it within the proper time limits."). Although Rules 33(b)(4) and 34(b)(2) contain different language describing the means for objecting to interrogatories and requests for production, "courts uniformly conclude that an objection [to either] may be waived if it is not timely raised and good cause for the delay is not shown." Talevski v. Carter, No. 2:05-CV-184, 2007 WL 1797634, at *3 (N.D. Ind. 2007); e.g., Fonville v. D.C., 230 F.R.D. 38, 42 (D.D.C. 2005) ("Unlike Rule 33, Rule 34 does not contain an automatic waiver provision as a consequence of failing to file a timely objection, but there is no reason to interpret the two rules differently."); see also BancorpSouth Bank, 2012 WL 3939972, at *1 (summarizing Rule 33(b)(4) and stating that "[t]he same waiver rule applies under Rule 34").

A district court has considerable discretion in handling pretrial discovery, Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 784 F.3d 1183, 1198 (8th Cir. 2015), and will limit discovery if it determines, inter alia, that the burden or expense of the proposed discovery outweighs its likely benefit, Burt v. Charter Commc'ns, Inc., No. 4:16CV1670 RLW, 2017 WL 3912342, at *1 (E.D. Mo. Sept. 5, 2017) (quoting Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003)). "Further, modern cases trend toward allowing trial courts great discretion in determining whether a waiver of discovery objections has been effected." CRST Expedited, Inc. v. Swift Transportation Co. of Arizona, LLC, 328 F.R.D. 231, 235 (N.D. Iowa 2018) See also, Blumenthal v. Drudge, 186 F.R.D. 236, 240 (D.D.C. 1999) (Court has broad

discretion to find plaintiffs have not waived their right to raise objections); U.S. Bank Nat'l Ass'n v. Equity Bank, No. CV 12-2023, 2014 WL 12601036, at *3–4 (D. Minn. May 7, 2014).

**Discussion**

Cori argues that, because Plaintiffs failed to object to their discovery requests by November 19, 2020, any objections are automatically waived. Cori further argue that their discovery requests are expansive because Plaintiffs' claims are expansive. Cori asks this Court to order Plaintiffs to respond to their discovery requests immediately and without objection.

In response, Plaintiffs argue that Cori is seeking information to which she is not entitled and that their failure to object in a timely fashion can be waived in the Court's discretion. Plaintiffs further argue that Cori's discovery requests are overly burdensome and not relevant. For example, Cori requests information about "all monies personally invested by Phyllis Schlafly, which have not been reimbursed by any organization or individual, to develop 'her considerable political and professional image,'" (Doc. No. 159-1 ¶14), and "all documents that refer or relate to, or otherwise evidence, the value of Phyllis Schlafly's name, image and likeness." (Doc No. 159-1 ¶ 10). Cori's requests are broadly worded and appear to request documents spanning the entirety of Phyllis Schlafly's decades-long career. While the value of Phyllis Schlafly's image is doubtless relevant, these requests are not proportional to the needs of the case. Plaintiffs list a number of other discovery requests they claim have limited relevance compared to the burden of production or Plaintiffs' interests in protecting proprietary information.

This Court has broad discretion to handle pretrial discovery, including determining whether a waiver of a discovery objection has been effected. See CSRT Expedited, 328 F.R.D. at 235. Here, the Court finds that Plaintiffs' failure to timely object to Cori's discovery requests does not result in a waiver of their objections. Plaintiffs clearly voiced their concerns about the breadth of Cori's

discovery requests prior to the production deadline. Furthermore, Cori has yet to file an answer in this case. In light of these circumstances, Cori's motion to compel will be denied.

Likewise, Plaintiffs' motion for protective order will be denied. Seeking a protective order is not the appropriate means for challenging or objecting to a party's discovery requests under the Federal Rules. The Court will instead order the parties to meet and confer to resolve their issues related to the scope of discovery and jointly propose a timeframe for discovery requests for the Court's consideration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel [159] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order [160] is **DENIED**.

**IT IS FURTHER ORDERED** that no later than February 24, 2021, the parties shall meet and confer and submit to the Court a joint proposed schedule for discovery.

Dated this 17th day of February, 2021.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**