UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16-CV-01631-JAR ) |
| ANNE CORI, et al., | ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Anne Cori's motion to enforce compliance with the scheduling order and compel depositions and written discovery. (Doc. No. 178). The motion is fully briefed and ready for disposition.

**Background**

This case concerns the ownership and use of Phyllis Schlafly's property and likeness. The parties in this matter are embroiled in numerous lawsuits in other courts, in which significant discovery has already occurred. Relevant to this motion, Anne Cori[1] sued Ed Martin and John Schlafly along with Plaintiffs Eagle Trust Fund ("ETF") and Eagle Forum Education and Legal Defense Fund ("EFELDF") in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. *See Cori v. Martin*, No. 2016MR000111 (Ill. Cir. Ct. Oct. 20, 2016) ("The Madison County case"). Plaintiff Phyllis Schlafly Revocable Trust ("PSRT") was never a party to the Madison County case. In that lawsuit, the Plaintiffs produced more than 740,000 pages of

---

[1] Eunie Smith, Cathie Adams, Carolyn McLarty, Rosina Kovar, and Shirley Curry were also plaintiffs in the Madison County case.

documents. (Doc. No. 179 at 3-4). John Schlafly has been deposed numerous times in the related lawsuits. *Id*. at 5.

The parties are currently engaged in Phase I of discovery, which is limited to: 1) ownership of intellectual property; 2) whether certain property qualifies as a trade secret; 3) Defendants alleged use of Plaintiffs' intellectual property and trade secrets; and 4) harm or damages sustained by Plaintiffs. (Doc. No. 177 at 2). Written discovery for Phase I must be served by March 30, 2021 and depositions of parties and their Rule 30(b)(6) representatives must be completed by May 30, 2021. *Id*.

Cori served Phase I requests for production to PSRT, ETF, and EFELDF. Plaintiffs produced 2,706 pages of documents. Additionally, Plaintiffs referred Cori "to the documents produced in the Madison County, Illinois litigation, as some of that documentation may be responsive" as a response to many of her requests. (Doc. No. 179 at 3). Plaintiffs did not identify which documents in the Madison County case were responsive to which request in their request for production ("RFP") responses.

Cori also served notices of depositions for the corporate representative of PSRT, ETF, and EFELDF for May 26, 27, and 28, 2021, respectively. (Doc. No. 179-4). John Schlafly will serve as corporate representative for all three entities. Plaintiffs objected to holding the depositions on three separate days and suggested Cori ask questions relevant to all three entities at one deposition and extend the questioning to multiple days only if Cori could not complete the deposition in a single day. On May 25, Cori's counsel cancelled the depositions.

Cori alleges Plaintiffs' response to the Phase I requests for production were materially deficient because 1) Plaintiffs did not organize and label the documents they produced and 2) instead of producing certain documents, Plaintiffs referred Cori the documents produced in the

Madison County case. She asks the Court to compel Plaintiffs to produce every document responsive to her RFPs and amend their responses to identify the documents produced. Cori further asks the Court to order Plaintiffs to produce a Rule 30(b)(6) designee for PSRT, ETF, and EFELDF on separate days, regardless of whether Plaintiffs choose to designate the same person for all three depositions.

**Legal Standard**

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

**Discussion**

RFP Responses and Document Production

Cori first claims Plaintiffs' responses are inadequate because, instead of producing certain documents, Plaintiffs directed Cori to documents produced in the Madison County case. "The fact that the moving party is already in possession of documents it seeks to obtain by inspection, is not necessarily a sufficient reason for denying discovery." Cook v. Rockwell Int'l Corp., 161 F.R.D. 103, 105 (D. Colo. 1995). This is because "the purpose of the discovery rules

is not only to elicit unknown facts, but also to narrow and define the issues, and for this purpose it is often necessary to use discovery about known facts." 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, § 2014 (1994).

Plaintiffs' responses to production are inadequate. Instead of producing responsive documents, Plaintiffs have pointed to over 700,000 pages of documents produced in a separate lawsuit and suggested that the information Cori seeks is contained somewhere within those pages. Moreover, PSRT was never a party to the Madison County case and therefore none of the hundreds of thousands of pages produced are from PSRT. Plaintiffs must produce the documents relevant to their claims, regardless of whether they have previously produced these documents in prior litigation.

Next, Cori claims Plaintiffs' responses to the RFPs are inadequate because they do not indicate which documents are responsive to which of her requests. Pursuant to Fed. R. Civ. P. 34(b)(2)(E):

> Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

"Rule 34(b)(2)(E)(i) is plain: if documents are not organized and labeled to correspond to the categories in the request, they must be produced as they are kept in the usual course of business." Venture Corp. Ltd. v. Barrett, No. 5:13-CV-03384-PSG, 2014 WL 5305575, at *2 (N.D. Cal. Oct. 16, 2014). Plaintiffs made no attempt to label and organize the documents to correspond to the categories in the request. Instead, they pointed Cori to hundreds of thousands of pages of documents, which they claim may be responsive. This does not comply with Rule

34(b)(2)(E). Plaintiffs must produce the documents in this case and indicate which documents are responsive to which requests.[2] Accordingly, the Court will grant Cori's motion to compel.

30(b)(6) Depositions

Cori claims she is entitled to depose a corporate representative for PSRT, ETF, and EFELDF at depositions on different days. Plaintiffs respond that John Schlafly will serve as the Rule 30(b)(6) designee for all three Plaintiffs and deposing him in three separate depositions spanning three days serves no purpose other than to harass him. Plaintiffs stated they would consent to a single deposition in which John Schlafly would be available to answer questions on behalf of all three Plaintiffs, spanning multiple days if necessary. (Doc. No. 179-3 at 6).

Cori provides no explanation as to why the depositions must occur on separate days. Cori is not entitled to demand John Schlafly sit for three days of depositions. See Jackson v. Wiersema Charter Serv., Inc., No. 4:08CV00027 JCH, 2009 WL 1563588, at *1 (E.D. Mo. June 1, 2009) (plaintiffs are not "entitled to three days of depositions simply because they partitioned their topics for Defendant's corporate representative over the span of three deposition notices."). As such, Cori's motion to compel the deposition of John Schlafly will be denied. Cori may notice one deposition. However, in light of John Schlafly's status as the corporate representative for three parties, Cori's counsel may question him for up to ten hours without seeking leave from the Court.

Accordingly,

---

[2] Plaintiffs ask the Court to order "Cori to post a bond sufficient to pay for the cost of Plaintiffs' discovery costs to duplicate its efforts from the Madison County Action." (Doc No. 184 at 16). The Court will not require Cori to pay Plaintiffs' discovery costs.

**IT IS HEREBY ORDERED** that Defendant Anne Cori's motion to enforce compliance with the scheduling order and compel depositions and written discovery [178] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that the deadline for the deposition of Plaintiffs PSRT, ETF, and EFELDF's corporate representatives shall be extended to **June 16, 2021**.

Dated this 9th day of June, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE