UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16-CV-01631-JAR |
| ANNE CORI, et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Eagle Forum's motion for protective order. (Doc. No. 180). Eagle Forum seeks to quash Plaintiffs' Notice of Videotaped Deposition of the Corporate Representative of Defendant Eagle Forum. The motion is fully briefed and ready for disposition.

**Discussion**

On May 11, 2021, Plaintiffs' counsel sent an email to Defendants seeking to depose Colleen Holcomb, the president of Eagle Forum, between May 26 and May 29. The next day, Defendants' counsel proposed a tentative briefing schedule which set May 25, 2021 as the date for the deposition of Eagle Forum's corporate representative. Plaintiffs sent a notice of deposition specifying the topics and setting the date of the deposition for May 25 on Friday, May 21. The notice ordered Eagle Forum's designee to "produce documents and testify on [Eagle Forum's] behalf concerning" twenty matters. Id. at 2-5.

On May 24, 2021, Plaintiffs' counsel took Anne Cori's deposition via Zoom. The deposition began around 10:15 in the morning and did not end until 6:00 p.m. That day, around

1:00 p.m., Defendants sent a meet and confer letter to discuss alleged defects with the deposition of Eagle Forum's corporate representative. Defendants' counsel did not mention the dispute during Anne Cori's deposition and Plaintiffs' counsel did not read the email until after the deposition concluded. Around 4:00 p.m., during Anne Cori's deposition, Eagle Forum filed this motion for a protective order seeking to quash the deposition, (Doc. No. 181), and did not appear the next day. (Doc. No. 185 at 8).

Eagle Forum moves to quash the deposition of its corporate representative because 1) the notice is untimely, 2) Plaintiffs improperly attempted to designate Colleen Holcomb as Eagle Forum's corporate representative, and 3) Plaintiffs' document requests are untimely and unauthorized.

Eastern District Local Rule 3.04(A) provides with respect to motions concerning discovery and disclosure:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A).

Eagle Forum made no effort whatsoever to confer in person or by telephone. Instead, it sent a single email on May 24, 2021, mere hours before filing a motion for a protective order. Eagle Forum claims it should be excused from the requirements of Local Rule 3.04(A) because of the brief time period between the notice of deposition and the date of the deposition. Under these circumstances, Eagle Forum's failure to meet and confer will not be excused.

Defendant Anne Cori's deposition occurred the same day Eagle Forum filed its motion, between the hours of 10:15 a.m. and 6:00 p.m. Not only did Eagle Forum's counsel have every opportunity to bring up the dispute with opposing counsel that day, they were also aware that Plaintiffs' counsel was unlikely to read and respond to the email before they filed this motion for a protective order. If Eagle Forum's counsel had brought up the dispute in person, at the very least they would have discovered that Plaintiffs do not seek extensive documents covering twenty subjects as a part of the deposition.[1] Accordingly, the Court will deny Eagle Forum's motion.

Although the Court will not reach the merits of the motion, it will address an issue underlying the parties' briefs. There appears to be some confusion as to whether non-parties such as Colleen Holcomb may be deposed during Phase I of discovery. Although the Case Management Order states that "[d]epositions of parties or their Rule 30(b)(6) representatives shall be completed no later than **May 30, 2021**,"[2] it also allows the parties to take up to six depositions in the first phase of discovery. (Doc. No. 177 at 2). Plaintiffs may depose a non-party as part of their Phase I discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eagle Forum's motion for protective order [180] is **DENIED**.

---

[1] Plaintiffs clarified that the only documentation they requested the deponent bring is "calendars and datebooks and any documents reviewed by the witnesses to prepare for the deposition." (Doc. No. 187 at 5).

[2] The parties specified that depositions of parties and their Rule 30(b)(6) representatives should be completed by May 30, 2021 in the Joint Scheduling Plan. (Doc. No. 176 at 5). A deadline for depositions of non-parties is not specified in either the Case Management Order or the Joint Scheduling Plan.

**IT IS FURTHER ORDERED** that the deadline for the deposition of Defendant Eagle Forum's corporate representative shall be extended to **June 16, 2021**.

Dated this 9th day of June, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE