UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Cause No. 4-16-cv-01631-JAR |
| ANNE CORI, et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANT ANNE SCHLAFLY CORI'S MEMORANDUM IN SUPPORT OF HER MOTION TO STRIKE PLAINTIFFS' DISCLOSURE OF EXPERT WITNESSES**

Defendant Anne Schlafly Cori ("Defendant") submits this Memorandum in Support of her Motion to Strike Plaintiffs' Disclosure of Expert Witnesses.

**INTRODUCTION**

Rule 26(a)(2) of the Federal Rules of Civil Procedure, in conjunction with a Court's Case Management Order, "is essential to the judicial management of the case." Self v. Equilon Enterprises, LLC, 400CV1903 TIA, 2007 WL 1880739, at *4 (E.D. Mo. June 29, 2007) (citing Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.1995)); see also Fed. R. Civ. P. 26(a)(2).  "Courts do not enter scheduling orders 'merely to create paperwork for the court's staff,' but more so, to delineate a specific time frame enabling counsel to ensure 'the expeditious and sound management of the preparation of cases for trial.'" Self, 2007 WL 1880739, at *4 (quoting Rice v. Barnes, 201 F.R.D. 549, 551 (M.D.Ala.2001)).  Plaintiffs Phyllis Schlafly Revocable Trust, Eagle Trust Fund and Eagle Forum Education and Legal Defense Fund (collectively, "Plaintiffs") urged this Court to lift the stay in 2020 and allow them to prosecute their claims against Defendants.  However, since lifting the stay, Plaintiffs have ignored this

1

Court's Case Management Orders and tried, at every turn, to shirk their obligations to meaningfully prepare this case for trial.

First, during Phase I written discovery, Plaintiffs attempted to rely on the production of documents in *other lawsuits* to satisfy their obligation to independently search for and produce documents in this lawsuit.[1]  See Defendant's Motion to Enforce Compliance with Scheduling Order and Compel Deposition and Written Discovery [Doc. No. 178].  This tactic was rejected by this Court.[2]  Unfortunately, Plaintiffs' recent attempts to invoke an ESI protocol for Phase II written discovery casts serious doubt on whether Plaintiffs ever properly complied with their discovery obligations in Phase I.[3]

Second, in connection with Phase II written discovery, Plaintiffs have once again failed to comply with their discovery obligations.  Even though Defendant's second written discovery requests were served on Plaintiffs on May 27, 2022, Plaintiffs have not provided answers to interrogatories, responses to requests for production or, of particular relevance to the present Motion, documents related to expert witnesses disclosed by Plaintiffs.

---

[1] Under this Court's Case Management Order – Track 2: Standard, I(3)(b)(4) [Doc No. 177], Phase I topics were limited to (1) Plaintiffs' ownership of the intellectual property at issue in the Second Amended Complaint and their standing to pursue claims regarding the same; (2) whether the property identified by Plaintiffs qualifies as a "trade secret" as that term is defined by DTSA and/or MUTSA; (3) any ongoing purported use of Plaintiffs' intellectual property and trade secrets by Defendants for fundraising purposes and whether any recognized statutory exception or common law defense for such use applies; and (4) any harm and/or damages allegedly sustained by Plaintiffs resulting from the conduct set forth in the Second Amended Complaint.

[2] See Memorandum and Order dated June 9, 2021 [Doc. No. 189] ("Plaintiffs made no attempt to label and organize the documents to correspond to the categories in the request. Instead, they pointed Cori to hundreds of thousands of pages of documents, which they claim may be responsive. This does not comply with Rule 34(b)(2)(E). Plaintiffs must produce the documents in this case and indicate which documents are responsive to which requests. Accordingly, the Court will grant Cori's motion to compel.").

[3] Counsel for Defendant is currently waiting for responses to its attempts to meaningfully confer with Plaintiffs' counsel on Phase II written discovery issues.  Defendant intends to raise these issues with the Court in the event Plaintiffs' counsel fails to address Defendant's conferral efforts.

Third, and the subject of the present Motion, Plaintiffs are now ignoring this Court's Second Amended Case Management Order – Track 3: Complex [Doc. No. 241] (the "Second Amended CMO") and the deadlines for expert disclosures set forth therein.  Indeed, and notwithstanding that the time to make their expert witnesses available for deposition has already expired, Plaintiffs have failed to provide expert reports and other information required under Rule 26(a)(2).  Plaintiffs' refusal to comply with the Second Amended CMO, as well as Rule 26(a)(2), is egregious but not surprising given Plaintiffs' other violations of this Court's case management orders, other failures to meet its discovery obligations in this lawsuit and refusal to confer with Defendant regarding the same.

Based on the arguments and authorities set forth below, Defendant respectfully requests that this Court enter its Order striking Plaintiffs' "Disclosure of Expert Witnesses" and preventing Plaintiffs from offering any expert testimony at any hearing and/or trial in this matter.

## BACKGROUND

**I.    THE REQUIREMENTS OF RULE 26 AND THE SECOND AMENDED CMO**

Rule 26(a)(2) governs the disclosure of expert testimony.  See Wells v. Fedex Ground Package Sys., Inc., 4:06-CV-422-JAR, 2013 WL 5436608, at *8 (E.D. Mo. Sept. 27, 2013).  Rule 26(a)(2) requires parties to make pretrial disclosure, without a formal discovery request, of the identity of any person who may provide expert testimony at trial.  If the expert witness is one "retained or specially employed to provide expert testimony," the disclosure must be accompanied by a signed, written report containing:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii)    the facts or data considered by the witness in forming them;

(iii)   any exhibits that will be used to summarize or support them;

    (iv)    the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)    a statement of the compensation to be paid for the study and testimony in the case.

See Fed. R. Civ. P. 26(a)(2)(B). "A party must make these disclosures at the times and in the sequence that the court orders." See Fed. R. Civ. P. 26(a)(2)(D).

On April 12, 2022, this Court entered its Second Amended Case Management Order – Track 3: Complex [Doc. No. 241] (the "Second Amended CMO"). The Second Amended CMO provides the following deadlines for the disclosure of expert witnesses:

> Plaintiffs shall disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed. R. Civ. P., no later than **July 8, 2022**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **August 5, 2022**.

See Second Amended CMO, I(3)(d) (emphasis in original).

## II.    PLAINTIFFS' PURPORTED "DISCLOSURE OF EXPERT WITNESSES"

On July 8, 2022, counsel for Plaintiffs sent an e-mail attaching a document titled "Plaintiffs' Disclosure of Expert Witnesses." See E-mail from P. Sweeney dated July 8, 2022, a true and accurate copy of which is attached hereto as **Exhibit A** and incorporated herein by reference. In their disclosure, Plaintiffs identified two proposed expert witnesses: the first, Brian Buss, CFA ("Mr. Buss"), identified by Plaintiffs "to testify regarding the analysis and calculation of economic damages relating to the allegations in the Second Amended Complaint," and the second, Dr. Lawrence R. Huntoon ("Dr. Huntoon"), identified by Plaintiffs "to testify regarding Phyllis Schlafly's testamentary capacity during the year 2016, in particular at the time she executed certain assignments of property." See Ex. A. Both of these disclosures are materially deficient under Rule 26(a)(2) and violate the Second Amended CMO.

### III.     PLAINTIFFS' FIRST EXPERT: MR. BUSS

Regarding Mr. Buss, Plaintiffs failed to attach any written report under Rule 26(a)(2), in direct violation of the Second Amended CMO.  See Second Amended CMO, I(3)(d).  On July 8, 2022 Plaintiffs' counsel stated that Mr. Buss "is still in the process of reviewing data and finalizing his opinions, I will be providing his full report and all supporting documentation as soon as possible. He expects to have it complete next week."  See **Ex. A**.  However, Plaintiffs never produced a report from Mr. Buss the next week.

On July 25, 2022—more than two weeks after the prior communication from Plaintiffs' counsel—counsel for Defendant sent an e-mail to Plaintiffs' counsel to address Plaintiffs' expert disclosure and specifically follow-up on the report from Mr. Buss:

> [Plaintiffs] identified Mr. Buss as an expert "expected to testify regarding the analysis and calculation of economic damages relating to the allegations in the Second Amended Complaint, including both the causation and amounts of such damages."  You provided the CV for Mr. Buss but not his report, even though the Court's Second Amended CMO requires that Plaintiff shall disclose all expert witnesses and provide their reports no later than July 8, 2022.  On July 8, 2022, you advised that Mr. Buss expected his report would be complete the following week (i.e., by July 15, 2022). However, it is now more than 2 weeks after the deadline and we still do not have a report or any update. **Please send us the expert report immediately.**

See E-mail from A. Gregg dated July 25, 2022, a true and accurate copy of which is attached hereto as **Exhibit B** and incorporated herein by reference.  Plaintiffs' counsel did not acknowledge or respond to this e-mail.

As of the date of this filing, Plaintiffs have failed to provide the written report of Mr. Buss and Plaintiffs' counsel has not acknowledged (let alone meaningfully responded to) correspondence from counsel regarding the same.

5

## IV.     PLAINTIFFS' SECOND EXPERT: DR. HUNTOON

Regarding Dr. Huntoon, Plaintiffs provided a written report from Dr. Huntoon dated December 10, 2019, that appears to have been obtained and used by Bruce Schlafly (a former trustee of ETF) in connection with the probate matter pending before the Circuit Court of St. Louis County, State of Missouri (Cause No. 17SL-PR00926) (the "Huntoon Probate Report").

Because it was obtained by a non-party in connection with a different lawsuit nearly three years ago, the circumstances surrounding the Huntoon Probate Report (and how it came to be offered by Plaintiffs in this lawsuit) would ordinarily warrant further investigation.  However, in spite of (or perhaps because of) the peculiar circumstances surrounding the Huntoon Probate Report, Plaintiffs failed to comply with nearly all of the requirements governing written expert reports under Rule 26(a)(2).  For instance, Rule 26(a)(2) requires that the written report provide the following in support of the expert opinion(s): both "the facts or data considered by the witness in forming them" and "any exhibits that will be used to summarize or support them."  See Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii).  While Dr. Huntoon identifies twenty-nine separate documents he reviewed in formulating his opinion (back in 2019), none of those documents were provided with the Huntoon Probate Report or otherwise produced in this lawsuit.  Similarly, Dr. Huntoon and Plaintiffs have not provided a "statement of the compensation to be paid for the study and testimony in the case."  See Fed. R. Civ. P. 26(a)(2)(B)(vi).  Moreover, because it is nearly three years old, the Huntoon Probate Report necessarily fails to include a "list of all publications authored in the previous 10 years," as well as a "list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition."  See Fed. R. Civ. P. 26(a)(2)(B)(iv)-(v). (In fact, the Huntoon Probate Report provides no list of cases at all.)

On July 25, 2022, counsel for Defendant sent an e-mail to Plaintiffs' counsel to address Plaintiffs' expert disclosure and specifically follow-up on missing items from the Huntoon Probate Report, including the twenty-nine documents considered and/or relied upon by Dr. Huntoon, cases in which Dr. Huntoon testified and Dr. Huntoon's fee arrangement with Plaintiffs. See **Ex. B**.  Plaintiffs' counsel did not respond to this e-mail.

As of the date of this filing, Plaintiffs have not supplemented the Huntoon Probate Report with the information required by Rule 26(a)(2) and Plaintiffs' counsel has not acknowledged (let alone meaningfully responded to) correspondence regarding the same.

**V.     PLAINTIFFS' OUTSTANDING WRITTEN DISCOVERY RESPONSES**

On February 26, 2021, this Court entered its Case Management Order – Track 2: Standard [Doc. No. 177] which established phase discovery in this case.  The Phase I topics identified by this Court specifically included "any harm and/or damages allegedly sustained by Plaintiffs resulting from the conduct set forth in the Second Amended Complaint." See Case Management Order – Track 2: Standard, I(3)(b)(4) [Doc No. 177].  Notably, and independent of the obligations imposed by Rule 26(a)(2) and the Second Amended CMO, the information that Plaintiffs have failed to disclose is also the subject of requests for production served on Plaintiffs on March 12, 2021 (during Phase I) and May 27, 2022 (during Phase II).

Both in early 2021 and 2022, Defendants requested the following documents from each Plaintiff "pertaining to any expert that may testify on [their] behalf at any hearing and/or trial" in this lawsuit:

(a)     All correspondence and notes with respect to any report prepared, work performed, or opinion to be offered with respect to this litigation, all documents and things received by such expert or sent to any party to this litigation, and all documents and things reviewed and/or relied on in forming any opinion to be offered with respect to the above referenced litigation. (This includes, but is not limited to, all computer files, electronic correspondence, and reports);

  (b)  Current Curriculum Vitae;

  (c)  Any materials that were once a part of the expert's file in this case that have been removed for any reason;

  (d)  All documents and tangible things upon which you expect any person you intend to call as an expert witness at trial to rely upon in forming his/her opinions;

  (e)  All documents that such expert intends to utilize at any hearing and/or the trial of this case;

  (f)  A list of all cases, including case number and jurisdiction, in which such expert has offered any opinion testimony, either in the form of a written report, affidavit, deposition or testimony at trial for the past 10 years;

  (g)  Any documents which reflect the bills for any work performed in connection with this case, the fees for preparing such a report, the fees for any testimony offered in this case, the fees for any potential in-court testimony, or any other payment for services rendered in this case;

  (h)  Any documents relating to the factual observations, tests, supporting data, calculations, photographs, opinions or conclusions of said expert(s);

  (i)  All communication between you and any such expert witness, and documents reflecting the fee arrangements of any such expert witness; and

  (j)  All reports prepared by the expert in connection with this case.

Notably, Plaintiffs did not object to these requests in the context of Phase I written discovery. Instead, Plaintiffs stated as follows: "Plaintiff has not yet identified any expert witnesses to offer testimony in this matter. If and when Plaintiff identifies such an expert witness, it will supplement its response to this request." Even though Plaintiffs have clearly identified expert witnesses, including on Phase I topics, there has been no timely production notwithstanding Plaintiffs' assurances it would do so. See **Ex. B**.

Plaintiffs have not yet provided written discovery responses to Defendant's Phase II written discovery requests. Instead, Plaintiffs have proposed an unnecessary and overly burdensome ESI protocol as a mechanism to delay their Phase II discovery obligations and purportedly address the

shortcomings of their production of documents during Phase I discovery. But make no mistake, this ESI protocol (which Defendant has not agreed to) has no bearing on the present Motion because it provides no justification for Plaintiffs' failure to provide written answers to interrogatories, written responses to requests for production and responsive documents related to expert witnesses disclosed by Plaintiffs (such documents would not be part of an ESI protocol under any set of facts).

Here, the egregiousness of Plaintiffs' conduct is exemplified by the Huntoon Probate Report, which was prepared in December of 2019, i.e., more than a year before Plaintiffs' Phase I written discovery requests were served on Plaintiffs. What possible basis could there still be for withholding information about Dr. Huntoon and the Huntoon Probate Report beyond the deadlines established by the Second Amended CMO?

## VI.   FAILURE TO MAKE EXPERTS AVAILABLE FOR DEPOSITION

In addition to setting a deadline for the disclosure of expert witnesses and their reports, the Second Amended CMO requires that Plaintiffs "shall make expert witnesses available for depositions, and have depositions completed, no later than **August 5, 2022**." See Second Amended CMO, I(3)(d) (emphasis in original).

In his July 25, 2022 e-mail, Defendant's counsel followed up on this specific issue with Plaintiffs' counsel: "Once we receive these documents, we need to look to scheduling the depositions of Plaintiffs' disclosed experts. Without waiving the issues raised herein, I think it makes sense to get some available dates from Dr. Huntoon and Mr. Buss sufficiently after you provide the above-referenced documents and information." See **Ex. B**. As set forth above, Plaintiffs' counsel never acknowledged this e-mail from Defendant's counsel and never provided

9

deposition dates for Mr. Buss and Dr. Huntoon, or otherwise made them available for deposition, as required by the Second Amended CMO.

## ARGUMENT

Rule 37(c) governs when a party fails to comply with a Rule 26 expert disclosure, and states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." See Fed. R. Civ. P. 37(c)(1).  When a party fails to identify a witness or provide information in compliance with Rule 26(a), a district court has wide discretion to fashion a remedy for the particular circumstances of the case.  See Wegener v. Johnson, 527 F.3d 687, 692 (8th Cir. 2008).  "When fashioning a remedy, the district court should consider, inter alia, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony."  Id. (citations omitted); see also Caldwell v. Morpho Detection, Inc., 4:10CV1537 JAR, 2013 WL 12321553, at *2 (E.D. Mo. Oct. 7, 2013).

This Circuit, and this Court in particular, have consistently fashioned the relief of striking expert designations in response to a party's failure to comply with the deadlines for Rule 26 expert disclosures contained in case management orders.  See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis, 220 F.3d 898 (8th Cir. 2000) (finding district court did not abuse its discretion by striking plaintiff's expert witness for failing to meet deadline for filing expert reports); Caldwell, 2013 WL 12321553, at *2 (striking Rule 26(a)(2) non-retained expert witness disclosed after the expiration of the deadline to do so); Cubbison v. Aetna Life Ins. Co., No. 2:00CV24-DJS, 2001 WL 36095911, at *1 (E.D. Mo. Feb. 16, 2001) (striking plaintiff's expert

10

witness disclosures since Fed. R. Civ. P. 26(a)(2) reports were not provided); Bachtel v. Taser Int'l, Inc., No. 2:11CV69 JCH, 2012 WL 5308052, at *1 (E.D. Mo. Oct. 29, 2012) (granting defendant's motion to strike plaintiff's expert since plaintiff did not produce expert report by deadline set forth in case management order); West v. SECURA Ins. Co., No. 4:18-CV-2047 RLW, 2019 WL 5697227, at *1 (E.D. Mo. Nov. 4, 2019); Self, 2007 WL 1880739, at *1.

In the present case, this Court should enter an Order striking the disclosure of Mr. Buss as an expert witness and preventing Mr. Buss from offering any expert testimony in this matter. To summarize from above, Plaintiffs failed to disclose *any* written report from Mr. Buss, let alone one that complied with the provision of the Second Amended CMO and Rule 26(a)(2). Plaintiffs also failed to disclose Mr. Buss in the context of Phase I discovery, even though his opinion is expressly related to "the analysis and calculation of economic damages relating to the allegations in the Second Amended Complaint," i.e., a Phase I topic. See **Ex. A**. Plaintiffs' counsel also refused to confer with Defendant's counsel on this issue, refused to respond to Defendant's requests for production on this issue and refused to make Mr. Buss available for deposition on or before August 5, 2022.

This Court should also enter an Order striking the disclosure of Dr. Huntoon as an expert witness and preventing Dr. Huntoon from offering any expert testimony in this matter. To summarize from above, although Plaintiffs attached a written report drafted by Dr. Huntoon in December of 2019 for a different lawsuit, they failed to provide Defendant with the information required under Rule 26(a)(2) and this Court's Second Amended CMO. Specifically, Plaintiffs failed to disclose documents relied upon by Dr. Huntoon in forming his expert opinion; documents related to Dr. Huntoon's fee arrangement with Plaintiffs; and information related to Dr. Huntoon's qualifications, including his recent publication and testimonial experience. This information is


crucial in probing the facts and circumstances surrounding Plaintiffs' disclosure of Dr. Huntoon in this lawsuit. Plaintiffs' counsel (yet again) refused to confer with Defendant's counsel on this issue, refused to respond to Defendant's requests for production on this issue and refused to make Dr. Huntoon available for deposition on or before August 5, 2022.

In the present case, there is no justification for failing to meet the requirements of Rule 26(a)(2) and refusing to adhere to the deadlines set forth in Second Amended CMO. The absence of justification is underscored by the fact that Plaintiffs' counsel has refused to acknowledge any communications from Defendant's counsel on these issues. Notably, Plaintiffs' counsel has also refused to acknowledge or respond to a similar conferral from counsel for co-Defendant Eagle Forum. See Letter from J. Sanders dated August 3, 2022, a true and accurate copy of which is attached hereto as **Exhibit C**. As noted above, there can be no legitimate justification for Plaintiffs' failure to provide information relating to the Huntoon Probate Report, because that report was prepared in December of 2019. As also noted above, there can be no justification for Plaintiffs' failure to provide the actual written report from Plaintiffs' proposed damages expert, Mr. Buss, because Plaintiffs' damages were the subject of Phase I discovery, which concluded more than a year ago.

The prejudice resulting from Plaintiffs' failure to properly disclose their expert witnesses is severe. This Court and the Parties structured the expert disclosure deadlines in this case—first Plaintiffs' experts and depositions, then Defendants' experts and depositions, then rebuttal experts and depositions—to provide for the orderly preparation of this case for trial. Plaintiffs' refusal to meaningfully comply with its initial deadlines in the Second Amended CMO unjustifiably threatens to compromise the preparation of this case for trial, including the looming deadlines for defendants to identify their own expert witnesses and rebuttal witnesses.

12

In addition to entering an Order striking the disclosure of Mr. Buss and Dr. Huntoon, this Court shoulder enter its Order preventing Plaintiffs from offering any expert testimony at any hearing and/or trial in this matter (because the deadline for Plaintiffs to disclose experts, provide their written reports and make such experts available for deposition has already expired) and awarding Defendant its reasonable costs and attorneys' fees incurred in connection with drafting and presenting the present Motion.  See Fed. R. Civ. P. 37(c)(1)(A) (authorizing this Court to "order payment of the reasonable expenses, including attorneys' fees, caused by the failure" to provide information or identify a witness under Rule 26(a)(2)).

## CONCLUSION

In light of the foregoing arguments and authorities, this Court should grant Defendant's Motion to Strike Plaintiffs' Disclosure of Expert Witnesses and enter its Order (1) striking Plaintiffs' "Disclosure of Expert Witnesses," including Mr. Buss and Dr. Huntoon; (2) preventing Plaintiffs from offering any expert testimony at any hearing and/or trial in this matter; and (3) awarding Defendant her reasonable expenses, including attorneys' fees, incurred herein.

## CERTIFICATION OF CONFERRAL

Pursuant to Local Rule 3.04, the undersigned counsel certifies that he has made a sincere and good faith attempt to resolve the foregoing dispute with counsel for Plaintiffs.  Such efforts include, but are not limited to, the communications in the e-mail correspondence attached to this memorandum, and a telephone call between to Plaintiffs' counsel, Patrick Sweeney, and the undersigned counsel for Defendant, which took place at 3:16 PM on August 11, 2022.

Respectfully submitted,

SPENCER FANE LLP

DATED: August 11, 2022

By: /s/ Arthur D. Gregg
Erik O. Solverud, #44291MO
Arthur D. Gregg, #67098MO
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Telephone (314) 863-7733
Facsimile (314) 862-4656
esolverud@spencerfane.com
agregg@spencerfane.com

*Attorneys for Defendant Anne Schlafly Cori*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 11th day of August, 2022, a true and correct copy of the foregoing document was electronically filed via the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

/s/ Arthur D. Gregg

SL 5611558.4