UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PHYLLIS SCHLAFLY REVOCABLE TRUST, et. al.,

    Plaintiffs,

v.

ANNE CORI, et. al.,

    Defendants.

                                 /

Case No. 4:16-cv-01631-JAR

## PLAINTIFFS' RESPONSE TO DEFENDANT ANNE CORI'S MOTION FOR DISCOVERY SANCTIONS

### INTRODUCTION

This motion for sanctions is one more attempt by Defendant Anne Cori to avoid an actual determination of the facts at issue. Despite having received more than 14,000 pages of documents from the Plaintiffs in this lawsuit—and several times more in the Madison County lawsuit—Ms. Cori asks the Court to dismiss the claims against her because, in her words, Plaintiffs have not completed "any good faith search for or collection of documents responsive to issues in this lawsuit."

That statement is untrue. Plaintiffs have spent countless hours, and many thousands of dollars, collecting and reviewing documents for use in this lawsuit, in Madison County, and in the Southern District of Illinois. Cori's efforts to compile and produce documents in discovery pale in comparison. In this case alone, the Plaintiffs have produced more than 14,000 pages of records, and have identified the discovery requests to which the documents produced are responsive. Thus far (Phase I and Phase II discovery included), Cori has produced around 3,500 pages of records—most of which were either publicly available or were produced **by the Plaintiffs** in other lawsuits.

1

Cori seeks sanctions for Plaintiffs' responses to her Phase I discovery requests. Plaintiffs' Phase I discovery responses were based upon review and collection of documents relevant to this case specifically, and more broadly, a search of a comprehensive document dataset that had already been compiled in the Madison County and Southern District of Illinois lawsuits. That dataset was created by downloading email accounts of the key individuals with relevant information, as well as forensic imaging of devices.

However, by the time of Phase II discovery in this case, Plaintiffs proposed an ESI protocol to identify any additional collection that should take place. Although the facts and occurrences most relevant to this lawsuit occurred in 2016 and 2017 (the split between Plaintiffs and Eagle Forum, the filing of the Madison County lawsuit, Phyllis Schlafly's passing, etc.), Plaintiffs recognized that they may need to do some additional searches to secure the completeness of the dataset. Cori is attempting to twist Plaintiffs' good-faith effort to provide complete responses, claiming that Plaintiffs' prior responses were intentionally deficient.

Plaintiffs operate a nonprofit network. They have a small staff, and their budget must be allocated toward pursuing their charitable and social mission. There is nothing wrong, or violative of the rules of civil procedure, in using documents collected in one lawsuit to respond to discovery requests in another. Defendant Cori has clearly done the same. The Plaintiffs have no interest or intent to deprive Defendant Cori of the ability to defend herself against their claims. There is no bad faith on the Plaintiffs' end, just a desire to get this case resolved on the merits.

## BACKGROUND

As Cori notes in her motion, Phase I of discovery was completed in early 2022. The Plaintiffs initially produced approximately 2,200 pages of documents, and referenced the approximately 700,000 pages of additional records that had already been produced to Defendant

2

Cori in Madison County and the other lawsuits between the parties. Defendant Cori produced 1,219 pages of documents. The Court granted Cori's motion to compel additional production from Plaintiffs on June 9, 2021, stating that the Plaintiffs "must produce the documents relevant to their claims, regardless whether they have previously produced these documents in prior litigation[.]"

Plaintiffs followed the Court's order. They conducted a targeted search of the dataset of documents gathered in the other litigation matters. As Cori describes in her motion, the documents in that dataset were a combination of two separate document collections.

One set was compiled by the Reizman Berger in their representation of Plaintiff Eagle Trust Fund during the Southern District of Illinois matter. Eagle Trust Fund had been subpoenaed, and engaged in a document collection from key accounts of ETF agents, including John Schlafly, JoAnne Jouette, and an ETF general billing account. See June 6, 2017 letter from attorney James Craney, attached as **Exhibit 1**.

The other set was compiled by the Heyl Royster law firm during the Madison County litigation, in the course of their representation of Plaintiffs ETF and Eagle Forum Education and Legal Defense Fund ("C3"). A summary of their document collection is attached as **Exhibit 2**. This dataset included the email accounts of Ed Present (Present of the C3), John Schlafly (Treasurer of C3, Trustee of ETF, and Trustee of PSRT), and Bruce Schlafly (former trustee of ETF), Google Drive and Google Hangout accounts belonging to Ed Martin and John Schlafly, and forensic imaging of laptops, desktops, and smartphones belonging to Ed Martin and John Schlafly.

Combined, this dataset consisted of approximately 100 GB of information. This information was searched (again) by Plaintiffs to respond to Cori's specific document production requests in this case. Cori's assertion in her motion that Plaintiffs performed a "document dump" is absurd. Doc. 258, PageID.8065. The Court ordered Plaintiffs to respond to all requests, so

Plaintiffs did so. If Cori is unhappy with the amount of documents produced, she bears the fault for drafting tremendously broad discovery requests. Plaintiffs were focused on providing a complete response.

In short, the Plaintiffs responded to Cori's discovery requests utilizing the same dataset of documents that had been used to respond to Cori's requests in the Madison County lawsuit and the Southern District of Illinois lawsuit. Although different claims were at issue in those cases, the timeframe involved in those cases was essentially the same: 2016-2017, when Eagle Forum split from the Plaintiffs, Cori filed the initial Madison County lawsuit, and Phyllis Schlafly passed away. It is reasonable and proportional for Plaintiffs to rely on the same evidence-gathering utilized in those other cases to avoid unnecessary repetition of work.

In total, Plaintiffs produced approximately 14,000 pages of records to Cori in Phase I discovery. Cori, in contrast, produced 1,219 pages of records, which consisted solely of copies of the *Eagle Forum Report* (which are publicly available), and documents already filed **in this case**. Cori complains that Plaintiffs "ask Cori to bear the costs of [Plaintiffs'] obligations to comply with discovery[,]" Doc. 258, PageID 8065, but Cori did not produce anything in Phase I that was not publicly available or had not already been filed here. Plaintiffs, on the other hand, sifted through more than 100 GB of data to identify documents responsive to Cori's individual requests.

Now, Cori asks the Court to sanction Plaintiffs by dismissing their entire case. Her justification for this demand is her specious claim that Plaintiffs "willfully violat[ed]" a court order" causing her some unexplained "prejudice." Doc. 258, PageID.8063. The source of her complaint is that Plaintiffs' counsel proposed additional document collection measures. Since some time had passed between the prior collections and Phase II discovery, Plaintiffs' counsel suggested that additional collections may be appropriate to supplement Plaintiffs' dataset. This

was not any kind of admission or suggestion that Plaintiffs' Phase I responses were incomplete (indeed, they were undeniably more complete than Cori's responses).

Cori now manufacturesarguments that the collections used in Madison County and the Southern District of Illinois were insufficient. Her argument is nonsensical, because the same parties and transactions were involved in all three lawsuits, and all three lawsuits focus on the same timeframe. Although the document collection dataset was good enough for those two cases, now apparently Cori believes it is not good enough for this case.

Cori is looking for an easy way out. She knows the completeness of the dataset that Plaintiffs utilized in responding to her discovery requests here. Plaintiffs have complied with the Court's orders and have not acted in any kind of bad faith. The Court should deny Cori's motion. As suggested *infra*, the Court may wish to follow through on its previous suggestion of appointing a Special Master, since it is clear that these parties have vastly different views on the discovery issues remaining in this case.

## ARGUMENT

### I. Standard of Review

Dismissal of a lawsuit as a sanction is "drastic and extremely harsh[.]" *Bergstrom v. Frascone*, 744 F.3d 571, 574 (8th Cir. 2014), quoting *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993). "[T]his ultimate sanction should only be used when lesser sanctions prove futile." *Id.*, quoting *DeMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013).

### II. Plaintiffs have not violated the Court's Order of June 9, 2021, and have not acted in bad faith

A sanction is appropriate for a violation of a court order. The Order of which Plaintiffs are accused of violating is the order compelling them to respond in full to Cori's Phase I document requests issued June 9, 2021. Plaintiffs followed the order. There was no violation.

The "violation" of which Cori complains is, to paraphrase, that 1.) the dataset used by Plaintiffs to respond to the Phase I requests was "compiled by two other law firms" who have not appeared in this case; and 2.) PSRT was not a party to Madison County or the Southern District of Illinois lawsuits. Doc. 258, PageID.8064.

Cori never explains why it is inappropriate for Plaintiffs to rely upon data collection performed by their retained attorneys. Plaintiffs paid good money for that work, and they absolutely have the right to continue utilizing it. (Further, much of the collection was done by a third party vendor, as is commonplace, so Plaintiffs do not understand why Cori seems to argue that document collection must be done by attorneys of record in a particular lawsuit.) Cori also confuses document **collection** with document **production**. Clearly, the documents produced by Plaintiffs in Madison County and in the Southern District of Illinois would not necessarily encompass the entire universe of documents discoverable in this lawsuit. **Exhibits 1 and 2** describe the documents collected during those searches, not necessarily those eventually produced in those lawsuits. Plaintiffs here reviewed the documents collected, without regard to whether they were actually produced in another lawsuit.

Cori's argument with respect to PSRT is specious. John Schlafly is PSRT's trustee. There could not reasonably be any communications from or to PSRT that would not have included John Schlafly. The collection performed was broad enough to reasonably encompass relevant documents regarding PSRT.

Cori has not demonstrated any violation of this Court's June 9, 2021 order, let alone a willful or intentional violation. Plaintiffs are willing to supplement their current dataset with additional, more recent documents. But the key events in this lawsuit occurred in 2016-2017, which is when Cori seized control of Eagle Forum, stole the Schlafly Database from ETF through her use of ETF

6

employee Elizabeth Miller, and began asserting her claim to use Phyllis Schlafly's intellectual property. That's what this case is about. Plaintiffs do not believe that any relevant events have transpired within the past several years to alter the claims and defenses here (unless Cori has committed additional acts of infringement of which Plaintiffs are not yet aware).

### III. Cori has not explained how she has been "prejudiced" by Plaintiffs' Phase I Discovery Responses

In the absence of any violation of the Court's order, Cori's claims of prejudice are irrelevant. But it is worth noting that Cori does not ever try to explain how, exactly, she believes that she has been harmed by Plaintiffs' purported "violation" of the Court's June 9, 2021 order. Rather, Cori notes that the Parties have submitted their motions for summary judgment and we are now in Phase II. But it is unclear from Cori's motion why she believes that she would be in a better position if Plaintiffs had not utilized the dataset compiled from the previous lawsuits. Does she believe a key custodian was omitted, who have information that none of the custodians from the dataset would possess? Plaintiffs don't know. Because for the amount of time and money that the Plaintiffs spent compiling that dataset, Plaintiffs are confident in its relevancy and completeness.

Cori's motion is heavy on criticism and hyperbole, but light on substance. It is clear that the Parties are not on the same page when it comes to discovery. Plaintiffs are planning to file their own, targeted motion to compel against Cori. For her Phase II responses, she produced a little over 2,300 additional pages of documents, many of which had already been produced to her by Plaintiffs in the other lawsuits.

At the last status conference, the Court suggested that a Special Master may be appropriate. In light of Cori's motion here, Plaintiffs think a Special Master might be the best solution. The Parties clearly have fundamental disagreements about how discovery should be concluded.

## CONCLUSION

Cori has failed to show any violation of the Court's order, let alone a willful violation. She has gone from zero to sixty, demanding an immediate sanction of dismissal. There has been no violation, and Cori has not articulated any prejudice from Plaintiffs' Phase I discovery responses. The Court should deny the motion, and may wish to consider appointing a Special Master.

Respectfully Submitted,

Dated: October 21, 2022

RHOADES MCKEE PC
Attorneys for Plaintiff

By: /s/ Patrick E. Sweeney
    Patrick E. Sweeney (P79822 MI)
    55 Campau Ave., N.W., Ste. 300
    Grand Rapids, MI 49503
    Telephone: (616) 235-3500
    psweeney@rhoadesmckee.com
    kjhaisma@rhoadesmckee.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 21st day of October, 2022, we served a true copy of this Plaintiffs' Response to Defendant's Motion for Sanctions on all counsel of record by filing the foregoing through the Court's electronic filing system.

Erik O. Solverud, #44291MO
Arthur D. Gregg, #67098MO
Spencer Fane LLP
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
Ph: (314) 863-7733
esolverud@spencerfane.com
agregg@spencerfane.com

*Attorneys for Defendant*

                                                /s/ Patrick E. Sweeney