# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 4:16-cv-01631 JAR |
| v. | ) ) |
| ANNE CORI, | ) ) ) |
| Defendant. | ) |

## REPLY MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS PURSUANT TO
## RULE 37(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Defendant Anne Schlafly Cori ("Cori"), by and through undersigned counsel, hereby submits this reply memorandum in support of her Motion for Discovery Sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure ("Motion for Sanctions") [Doc. No. 257].

## INTRODUCTION

There are currently three (3) motions pending before this Court which relate to the inability (or unwillingness) of Plaintiffs to comply with their own discovery obligations and/or the Orders of this Court: Cori's Motion to Strike Plaintiffs' Disclosure of Expert Witnesses ("Motion to Strike") [Doc. No. 248]; Cori's Motion to Compel Discovery and Amend Second Amended Scheduling Order ("Motion to Compel") [Doc. No. 255]; and Cori's Motion for Sanctions [Doc. No. 257].[1] Cori's motions, in isolation and especially in the aggregate, demonstrate Plaintiffs' utter and complete disregard for the authority of this Court, for their own discovery

---

[1] As used herein, "Plaintiffs" shall collectively refer to Plaintiffs Phyllis Schlafly Revocable Trust ("PSRT"), Eagle Trust Fund ("ETF") and Eagle Forum Education & Legal Defense Fund ("EFELDF").

obligations under the Federal Rules of Civil Procedure, and for Cori's right to defend against the litany of claims alleged against her in her individual capacity.

Notably, with regard to the Motion to Strike, Plaintiffs *still* have not provided a completed expert report from their purported "damages expert," notwithstanding that Cori's motion was fully briefed on September 6, 2022, and the deadline for completing the depositions of rebuttal experts expired on October 28, 2022. And with regard to the Motion to Compel, Plaintiffs *still* have not provided any Phase II discovery responses, notwithstanding their commitment (in writing) to provide such discovery responses by October 3, 2022.[2]

Finally, for the Motion for Sanctions—the subject of this reply memorandum—Plaintiffs' response is plagued with red herrings, misstatements and/or deliberate misrepresentations which demonstrate Plaintiffs' bad faith or intentional defiance of this Court's Memorandum and Order dated June 9, 2022 (the "June 9 Discovery Order") [Doc. No. 189]. Either way, for the reasons set forth below and in Cori's Memorandum of Law in Support of her Motion for Sanctions [Doc. No. 258], Cori's Motion for Sanctions should be granted and Plaintiffs' Second Amended Complaint should be dismissed with prejudice.

## ARGUMENT

**I. PLAINTIFFS' MISREPRESENTATIONS DO NOT JUSTIFY THEIR CONDUCT.**

On June 9, 2022, this Court entered its June 9 Discovery Order, which ordered that "Plaintiffs **must produce the documents relevant to their claims**, **regardless of whether they have previously produced these documents in prior litigation**" and "Plaintiffs **must produce the documents in this case** and indicate which documents are responsive to which requests." See June 9 Discovery Order, pp. 4-5 (emphasis added). In response to the June 9 Discovery Order,

---

[2] Cori's Motion to Compel should be granted at the Court's earliest convenience given that Plaintiffs did not even file an opposition to the motion.

Plaintiffs admit that they "conducted a targeted search of the dataset of documents gathered in the *other* litigation matters," *i.e.* the Madison County litigation and the Southern District of Illinois ("SDIL") litigation. See Plaintiffs' Response to Defendant Anne Cori's Motion for Discovery Sanctions [Doc. No. 259] ("Plaintiffs' Response"), p. 3 (emphasis added).

As set forth in Cori's Memorandum of Law in Support of her Motion for Sanctions, Plaintiffs intentionally and willfully disregarded this Court's directive to *produce documents relevant to their claims in this case regardless of whether they were previously produced in prior litigation* by relying exclusively on incomplete, irrelevant and outdated "datasets" compiled by two other law firms in two other lawsuits. In Plaintiffs' Response, Plaintiffs misstate or misrepresent the facts in a desperate attempt to rehabilitate themselves and excuse their conduct. Regardless of whether Plaintiffs' representations are mistaken or intentional, the fact that Plaintiffs still lack a basic understanding about the "datasets" and their efforts to comply with their own discovery obligations warrant the dismissal of Plaintiffs' Second Amended Complaint. Stated differently, how can Plaintiffs have complied with the June 9 Discovery Order in good faith when they simply relied on the work of other law firms in other lawsuits without a clear understanding what that work was?

*First*, Plaintiffs misrepresent that the "dataset" from the Madison County litigation was collected by the Heyl Royster law firm "in the course of their representation of Plaintiffs ETF and [EFELDF]." See Plaintiffs' Response, p. 3. This is utterly false. The Heyl Royster law firm has only ever represented Ed Martin and John Schlafly, individually, in the Madison County litigation. Regardless of whether this misrepresentation is a product of Plaintiffs' deceit or ignorance, it is a serious indictment of not only the "datasets" Plaintiffs have relied on, but also the entire process

3

used by Plaintiffs to explain, or more accurately excuse, their failures to comply with the June 9 Discovery Order and their discovery obligations under the Federal Rules.

*Second*, Plaintiffs argue that using "datasets" from the Madison County and SDIL litigations should be sufficient "because the same parties and transactions were involved in all three lawsuits." See Plaintiffs' Response, p. 5. This is similarly false. PSRT was not a party to the Madison County litigation. While ETF and EFELDF were parties to the Madison County litigation, those entities were represented by the Riezman Berger law firm (not Heyl Royster) and had nothing to do with the collection of the "dataset" in that lawsuit. Moreover, PSRT, ETF and EFELDF were never parties to the SDIL litigation. ETF's role in the SDIL litigation was limited to responding to a non-party subpoena.

*Third*, Plaintiffs' contention that "all three lawsuits focus on the same timeframe" is patently false. See Plaintiffs' Response, p. 5. This contention appears to be a halfhearted response to Cori's claim that the scope of the "dataset" from the Madison County litigation (which only covers the period from January 1, 2015 through December 31, 2017) is insufficient. However, nowhere in their response brief do Plaintiffs counter the indisputable facts that (1) a collection that *starts* in 2015 fails to address Plaintiffs' allegations in their Second Amended Complaint that they strictly controlled the intellectual property at issue for decades; and (2) a collection that *stops* in 2017 fails to address the recent conduct by Plaintiffs (and Cori) in respect of such intellectual property over the last five (5) years. There can be no meaningful dispute that the parties' conduct during the last five (5) years is relevant. Indeed, in the Second Amended Complaint, Plaintiffs request injunctive relief to stop the alleged *ongoing* misuse of certain intellectual property. See Second Amended Complaint, Counts I, III-VI, VIII-IX and XII-XIV. Evidence of Plaintiffs' recent efforts to protect such intellectual property, as well as evidence of Cori's alleged

4

misappropriation of such intellectual property, is relevant, discoverable and probative of Plaintiffs' intellectual property claims and requests for injunctive relief, and Cori's defenses thereto.

By relying on "datasets" created by different law firms in different lawsuits, Plaintiffs clearly shirked their duties and obligations to search for, collect or produce relevant and responsive e-mails and documents from various directors, officers, trustees and employees of Plaintiffs. This is true even if each and every misstatement in Plaintiffs' Response could be believed (they cannot). Similar to what this Court has previously noted, how can the work of two law firms, who have never represented PSRT, responding to discovery in lawsuits to which PSRT was never even a party, form the basis of PSRT's search for, collection and production of documents in this lawsuit?

In light of the foregoing, Cori's Motion for Sanctions should be granted and the Second Amended Complaint should be dismissed with prejudice.

## II. PLAINTIFFS' ARGUMENT THAT CORI HAS NOT BEEN PREJUDICED IS NOT JUST A RED HERRING, IT IS ALSO PLAINLY WRONG.

Plaintiffs argue that sanctions should not issue because "Cori has not explained how she has been 'prejudiced.'" See Plaintiffs' Response, p. 7. Although it still would have been wrong, Plaintiffs' argument would have been more appropriately raised in response to Cori's Motion to Compel. In any event, Plaintiffs are not permitted to violate this Court's Orders, including the June 9 Discovery Order, as long as nobody is prejudiced by their violations. Not surprisingly, Plaintiffs have not mustered any case law to support such an argument.

Rule 37(b) provides that "[i]f a party ... fails to obey an order to provide or permit discovery… the court where the action is pending may issue further just orders." See Fed. R. Civ. P. 37(b)(2)(A). Notably, the word "prejudice" does not appear once in Rule 37(b), either as a prerequisite to sanctions or otherwise. Id. at 37(b).

5

However, to the extent prejudice is a factor considered by this Court before sanctioning Plaintiffs by dismissing the Second Amended Complaint, Cori has undeniably been prejudiced by Plaintiffs' misconduct. See Bergstrom v. Frascone, 744 F.3d 571, 576 (8th Cir. 2014) (quoting Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000)). The deadlines for Phase I discovery and Phase I dispositive motions have already passed. Cori incurred substantial attorney's fees and expenses briefing and arguing Phase I summary judgment motions with the understanding that Plaintiffs had complied with the June 9 Discovery Order and their other Phase I discovery obligations. The parties are now less than two (2) months away from the deadline for the completion of Phase II discovery. The deadlines for the parties to designate and depose affirmative and rebuttal expert witnesses have expired. Reopening Phase I discovery and re-filing summary judgment motions on Phase I discovery issues is neither feasible nor appropriate, and the parties have been specifically advised by the Court that this is not an option. Given the late stages of this case, and given the similar prejudice visited upon Cori in connection with the Motion to Strike and Motion to Compel, any remedy short of dismissing Plaintiffs' Second Amended Complaint would actually reward Plaintiffs' misconduct and punish Cori.

**III. THE DEFICIENCIES IN PLAINTIFFS' DOCUMENT PRODUCTION ARE OBVIOUS.**

In a perfect example of willful (or perhaps wishful) ignorance, Plaintiffs argue that Cori "never explains why it is appropriate for Plaintiffs to rely upon data collection performed by their retained attorneys." See Plaintiffs' Response, p. 6. Such an argument ignores not only the Motion for Sanctions and Motion to Compel, but also the litany of communications and correspondence leading up to them. Indeed, Plaintiffs even go so far as to ask Cori whether "she believe[s] a key custodian was omitted, who have [sic] information that none of the custodians from the dataset would possess? Plaintiffs don't know." Id. at p. 7. Setting aside the absurdity of Plaintiffs asking

6

SL 5724235.3

Cori (or this Court) about evidence that Plaintiffs have withheld, there can be no dispute that the "datasets" from the Madison County and SDIL litigations, which are limited to just four individuals, namely Ed Martin, John Schlafly, Bruce Schlafly and JoAnn Jouett, are inadequate and insufficient. Apparently, Plaintiffs have forgotten or chosen to ignore their own Rule 26(a)(1) Disclosures, where they provided the following disclosures of individuals likely to have discoverable information:

> 25. All current and former agents and employees of ETF not previously identified in this Disclosure.
> 26. All current and former agents, officers, and directors of [EFELDF] not previously identified in this Disclosure.

See Plaintiffs' Rule 26(a)(1) Disclosures, a copy of which is attached hereto as **Exhibit 1.**

In light of Plaintiffs' Rule 26(a)(1) Disclosures, it is clear that documents, correspondence and e-mails from numerous EFELDF employees, including Ryan Hite, Joanna Spilger, Jordan Henry, Gwen Kelly and Rebekah Gantner, were never searched, collected or produced, but clearly should have been. Likewise, documents, correspondence and e-mails from numerous EFELDF directors, including Helen Marie Taylor, Ray Ardizzone, Linda Bean, Najla Lataif and Ned Pfeifer, were never searched, collected or produced, but clearly should have been. Finally, it is also clear that documents, correspondence and e-mails of Georgia Wolters (another ETF employee) were never searched, collected or produced, but should have been.

Notwithstanding the foregoing, it should not be Cori's job to guess what evidence might have been produced had Plaintiffs complied with the June 9 Discovery Order and their duties under the Federal Rules. Nevertheless, it is clear that Plaintiffs violated their discovery obligations under the Federal Rules and the June 9 Discovery Order. Accordingly, Cori's Motion for Sanctions should be granted and the Second Amended Complaint should be dismissed with prejudice.

## CONCLUSION

Based on all of the foregoing, and as set forth in Cori's Memorandum of Law in Support of her Motion for Rule 37 Sanctions [Doc. No. 258], this Court should enter its Order dismissing the Second Amended Complaint [Doc. No. 138] with prejudice, and grant such further and other relief as it deems just and appropriate under the circumstances.

Respectfully submitted,

SPENCER FANE LLP

By: /s/ Arthur D. Gregg
Erik O. Solverud, #44291MO
Arthur D. Gregg, #67098MO
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
314-863-7733 (Telephone)
314-862-4656 (Facsimile)
esolverud@spencerfane.com
agregg@spencerfane.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of October, 2022, a true and correct copy of the foregoing document was electronically filed via the Court's electronic filing system, which will send notice of electronic filing to all registered attorneys of record.

/s/ Arthur D. Gregg