UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, ET AL.<br><br>PLAINTIFFS<br><br>v.<br><br>ANNE CORI, ET AL.<br><br>DEFENDANTS. | CIVIL ACTION NO. 4:16-CV-01631<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' RULE 26(a)(1) DISCLOSURES**

Plaintiffs Phyllis Schlafly Revocable Trust ("PSRT"), Eagle Trust Fund ("EFT"), and Eagle Forum Education and Legal Defense Fund ("Eagle Forum (c)(3)") through their undersigned counsel, make their disclosures pursuant to Fed.R.Civ.Pro. 26(a)(1) as follows:

i. **Name, mailing address, and telephone number of individuals likely to have discoverable information, and subject of information:**

1. John Schlafly 322 State St., Ste. 301, Alton, IL 62002, *who may be contacted through Plaintiffs' counsel.* Mr. Schlafly possesses information regarding Phyllis Schlafly's creation of intellectual property, her transfers of intellectual property to the Plaintiffs, the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, Mrs. Schlafly's and the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

2. Bruce Schlafly, 12315 Federal Dr., St. Louis, MO 63131 *who may be contacted through Plaintiffs' counsel.* Mr. Schlafly possesses information regarding Phyllis Schlafly's creation of intellectual property, her transfers of intellectual property to the Plaintiffs, the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, Mrs. Schlafly's and the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

3. Andrew Schlafly, 939 Old Chester Rd., Far Hills, NJ 07931 *who may be contacted through Plaintiffs' counsel.* Mr. Schlafly possesses information regarding Phyllis Schlafly's creation of intellectual property, her transfers of intellectual property to the Plaintiffs, the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, Mrs. Schlafly's and the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

4. Edward Martin, 10017 Park Royal Drive, Great Falls VA, 22066 *who may be contacted through Plaintiffs' counsel.* Mr. Martin possesses information regarding Phyllis Schlafly's transfers of intellectual property

to the Plaintiffs, the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, Mrs. Schlafly's and the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

5. Kathleen Sullivan, 230 Albi Road, Apt 1, Naples, FL 34112 *who may be contacted through Plaintiffs' counsel*. Ms. Sullivan possesses information regarding the use and licensing of intellectual property created by Phyllis Schlafly, Phyllis Schlafly's transfers of intellectual property, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property.

6. Roger Schlafly, 70 Hidden Meadow Ln., Scotts Valley, CA 95060. Mr. Schlafly possesses information regarding Phyllis Schlafly's creation of intellectual property, the revocation of those same licenses, Mrs. Schlafly's and some of the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database.

7. Anne Cori, *may be contacted through the Individual Defendants' counsel*. Mrs. Cori possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

8. Eunie Smith, *may be contacted through the Individual Defendants' counsel*. Ms. Smith possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

9. Cathie Adams, *may be contacted through the Individual Defendants' counsel*. Ms. Adams possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

10. Carolyn McLarty, *may be contacted through the Individual Defendants' counsel*. Ms. McLarty possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

11. Rosina Kovar, *may be contacted through the Individual Defendants' counsel*. Ms. Kovar possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

12. Shirley Curry, *may be contacted through the Individual Defendants' counsel*. Ms. Curry possesses information about her and co-Defendants' conduct infringing and diluting the Plaintiffs' intellectual property,

misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

13. Colleen Holcomb, *may be contacted through Eagle Forum (c)(4)'s counsel*. Ms. Holcomb possesses about her own misconduct and Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

14. Pat Andrews, 3869 W. Gulf Drive, Sanibel, FL 33957. Ms. Andrews possesses information about the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

15. Tom Cori, 9715 Litzsinger Rd, St. Louis, MO 63124; Mr. Cori possesses information about Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

16. Susan Hirschmann, *may be contacted through Eagle Forum (c)(4)'s counsel*. Ms. Hirschmann possesses information about the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

17. Kris Ullman, *may be contacted through Eagle Forum (c)(4)'s counsel.* Ms. Ullman possesses information about the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

18. Elizabeth Miller, 414 E. 13th St., Alton, IL 62002. Ms. Miller possesses information about Defendants' misappropriation of Plaintiffs' trade secrets, including the Schlafly Database, and Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, and unfairly and tortuously competing against the Plaintiffs, including transfers of Plaintiffs' data to Eric Solverud and cyber-forensic firm Speartip.

19. Ann Bensman, 8556 Kee Mac Lane, Alton, IL 62002. Ms. Bensman possesses information about the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property, misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

20. JoAnn Jouett, 322 State St., Ste. 301, Alton, IL 62002. Ms. Jouett possesses information about Phyllis Schlafly's transfers of intellectual property to the Plaintiffs, the licensing of Mrs. Schlafly's and Plaintiffs' intellectual property to various individuals and entities, the revocation of those same licenses, Mrs. Schlafly's and the Plaintiffs' efforts to maintain the secrecy of the Schlafly Database, and the Defendants' conduct infringing and diluting the Plaintiffs' intellectual property,

misappropriating the Plaintiffs' trade secrets, and unfairly and tortuously competing against the Plaintiffs.

21. Melissa G. Nolan, Paule. Camazine & Blumenthal, PC, 165 N. Meramec Ave., Suite 110, St. Lous, MO 63105, (314) 727-2266. Ms. Nolan represented Phyllis Schlafly and possesses information regarding Mrs. Schlafly's estate planning and her transfers of intellectual property that she created.

22. Nancy Thorner, 331 E. Blodgett Ave, Lake Bluff, IL 60044, (847) 295-1035. Ms. Thorner possesses information regarding consumer confusion resulting from the Defendants' infringement and dilution of the Plaintiffs' intellectual property.

23. Any current and former agents, officers, or directors of Eagle Forum (c)(4) not previously identified in this Disclosure, 200 W. 3rd St., Ste. 502, Alton, IL, 62002.

24. Any current and former agents of the Individual Defendants not previously identified in this Disclosure.

25. All current and former agents and employees of ETF not previously identified in this Disclosure.

26. All current and former agents, officers, and directors of Eagle Forum (c)(3) not previously identified in this Disclosure.

27. All current and former agents, officers, and directors of Florida Eagle Forum (conspired with Cori to host infringing event in 2017 in Naples)

28. An authorized representative of the United States Postal Service with knowledge of the mail dispute involving Defendants' attempts to change the registered address of ETF.

29. An authorized representative of SpearTip Cyber Counterintelligence, 1714 Deer Tracks Trail, Suite 150, St. Louis, MO 63131, (888) 878-6170 with knowledge of Elizabeth Miller's delivery of information that she covertly downloaded from ETF's cloud drive.

30. An authorized representative of US Bank.

31. AN authorized representative of GoDaddy, 14455 N. Hayden Rd, #226, Scottsdale, AZ 85260-6993.

32. An authorized representative of HostMonster, Legal Department, 560 E Timpanogos Parkway, Orem, UT 84097

33. All individuals identified on any of the Defendants' Rule 26 Disclosures.

**ii. Description of all documents that the disclosing party has in control that it may use to support its claims:**

1. Correspondence and communication between agents of the Plaintiffs and the Individual Defendants (Cori, Smith, Adams, McLarty, Kovar, and Curry) and their agents, and correspondence and communications between agents of the Plaintiffs and agents of Defendant Eagle Forum (c)(4).

2. Correspondence and directives from Phyllis Schlafly to all licensees of intellectual property created by her and owned by Plaintiffs.

3. Correspondence and documents establishing the historical relationship between the Plaintiffs, Phyllis Schlafly, and Eagle Forum (c)(4).

4. Documents creating the Plaintiffs, demonstrating the trustees, owners, directors, and officers of the Plaintiffs, and establishing the property rights of Plaintiffs, including assignments from Phyllis Schlafly.

5. Documents revoking licenses granted by the Plaintiffs or Phyllis Schlafly to Eagle Forum (c)(4) and any of the Individual Defendants regarding intellectual property owned or created by the Plaintiffs or Phyllis Schlafly.

6. Documents establishing the ownership of, and right to use, intellectual property created or owned by the Plaintiffs or Phyllis Schlafly, including registrations with the United State Patent and Trademark Office.

7. All website registration and payment records for www.eagleforum.org, www.phyllisschlafly.com, and all websites and domains registered or paid for by one or more of the Plaintiffs.

8. Documents, including advertisements, communications, social media messages, and online content, evidencing the Defendants' misuse, dilution, or infringement of intellectual property owned by the Plaintiffs.

9. Documents, including written statements of donors, evidencing confusion as to the source of messaging or intellectual property use regarding intellectual property owned by the Plaintiffs.

10. Documents evidencing tortious interference with the Plaintiffs' business interests and expectancies committed by the Defendants.

11. Documents evidencing attempted theft of the Plaintiffs' property, and attempted tortious interference with the Plaintiffs' business interests and expectancies, committed by the Defendants.

12. All orders and filings in *Cori et al. v. Martin et. al*, Madison County, IL Circuit Court Case No. 2016MR000111.

13. All orders and filings in *Cori v Phyllis Schlafly's American Eagles*, Case No. 3:16-CV-000946-DRH-RJD, United States District Court for the Southern District of Illinois.

14. All orders and filings in *Cori v. Schlafly et al*, St. Louis County, MO Probate Court, Case No. 17SL-PR00926.

15. All documents identified in any of the Defendants' Rule 26 Disclosures.

**iii. A computation of damages claimed by the disclosing party:**

Plaintiffs have not yet been able to compute the damages that they have suffered from the Defendants' infringement, misappropriation, and confusion of their intellectual property, as the Defendants' tortious acts are ongoing. This is the reason that the Plaintiffs' seek nationwide injunctive relief; their damages are difficult to ascertain and are continually increasing as the Defendants' tortious acts continue. Plaintiffs estimate that their damages could total millions of dollars, arising from the diminution and dilution of their intellectual property, including attorneys' fees and costs under federal law. Plaintiffs will timely supplement their disclosure when they are better equipped to evaluate the damage that the Defendants have caused them.

**iv. Pertinent insurance agreements:**

Plaintiffs are not aware of any insurance coverage that would compensate them for the damages alleged in the First Amended Complaint.

Plaintiffs reserve the right to supplement these Disclosures, including through their responses to any discovery requests proffered by Defendants, as additional witnesses, documents, and damage calculation become known or available through discovery or through additional analysis and investigation performed by Plaintiffs.

Respectfully submitted,

RHOADES MCKEE PC

Date: June 30, 2020

/s/Ian A. Northon
Ian A. Northon
Michigan Bar P65082
Florida Bar 101522
Pennsylvania Bar 207733
ian@rhoadesmckee.com
smd@rhoadesmckee.com
55 Campau Ave., N.W., Ste. 300
Grand Rapids, MI 49503
*Attorneys for Plaintiffs*