# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et. al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ANNE CORI, )<br>)<br>Defendant. ) | Case No. 4:16-CV-01631 JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on the parties' discovery disputes as outlined in their respective status reports and discussed during the January 17, 2023 hearing. (Doc. No. 267, 268, & 270). Defendant asserts that Plaintiffs have unilaterally implemented an ESI protocol which does not return all responsive documents, provided an entirely disorganized "workbook" of their discovery thus far, failed to provide a privilege log with sufficient detail, and failed to conduct a search of hard copy records during Phase I of discovery. Plaintiffs contend that they have produced sufficient responsive documents, and counter that Defendant has failed to cooperate in completing necessary depositions. The Court notes the history of this case includes extensive litigation over both phases of discovery, including various motions to compel and motions for sanctions. The Court has held multiple status conferences with the parties in an effort to resolve the discovery disputes; nevertheless, the disputes have not been resolved. Given the scope and extent of the discovery disputes in this case, and after giving the parties every opportunity to limit those disputes, the Court has determined it necessary to appoint a Special Master in this case to resolve the parties' outstanding discovery issues

Pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court gave the parties notice and opportunity to be heard with regard to the appointment of a Special Master on January 17, 2023. (Doc. No. 270). During the hearing, the Court provided the parties an alternative process by permitting the parties to jointly file an amended scheduling order to resolve their discovery disputes, or to file suggestions for a special master, on or before January 23, 2023.  On January 23, both parties filed separate suggestions for a special master. (Doc. No. 272 & 273). Retired Judge Mark D. Seigel, of USA&M, is on both parties' lists.

After consideration, the Court has asked Judge Mark D. Seigel, to take the assignment of Special Master in this case. Judge Seigel has provided the Court with the affidavit required by Federal Rule of Civil Procedure 53(b)(3)(A), stating that there are no grounds for his disqualification as Special Master under 28 U.S.C. § 455 (Doc. No. 274).

Accordingly,

**IT IS HEREBY ORDERED** that Judge Mark D. Seigel is appointed as Special Master to resolve the parties' outstanding discovery issues, including, but not limited to, the parties ESI protocol, any claims of privilege, any outstanding discovery for Phase I of discovery, and any outstanding depositions in this case.

Judge Seigel shall proceed with all reasonable diligence in his position as Special Master. In the execution of this reference, the Special Master shall possess and may exercise, to the extent permitted by law, Federal Rule of Civil Procedure 53, and the United States Constitution, all powers to make such orders as may be necessary and appropriate to fulfill the duties assigned to the Special Master under this Memorandum and Order, subject to review by the Court. The Special Master shall also have the broad authority to avail himself of all necessary and appropriate support services, including associates, if necessary.

The Special Master shall meet with the parties to confer on an acceptable process and procedure for resolving these discovery disputes and completing any discovery that remains outstanding.

The parties and their counsel shall provide the Special Master with their full cooperation, including making available to the Special Master any files, databases, documents or pleadings necessary to fulfill his function.

The Special Master may communicate *ex parte* with the Court on any matter. He may communicate *ex parte* with the parties to discuss the merits of a particular dispute, for the purpose of resolving that dispute, but only with the prior permission of the opposing counsel involved.

The Special Master shall report to the Court on all matters within his jurisdiction within **sixty (60) days** of the date of this Memorandum and Order or upon such other schedule as the Special Master requires and serve a copy of his report on each party consistent with Fed. R. Civ. P. 53.

Any party may object to any order or report issued by the Special Master by filing a written objection with the Court within seven (7) days of the issuance of such order or report. Any response to such objection must be in writing and filed within seven (7) days of the filing of the objection. The report of the Special Master will be reviewed by the Court consistent with Fed. R. Civ. P. 53. Failure to file a timely objection may waive the right to object.

This referral to the Special Master is limited to the duties specified herein unless the Court shall expand the duties. This reference shall terminate upon the submission by the Special Master of his Final Report, unless extended by further order of the Court.

The Special Master shall bill for his services herein at his regular hourly rate as well as

the regular hourly rate of his associates and support staff.

Given the extensive scope of the discovery disputes and the time required to address them, the Court has determined it necessary to order the parties to deposit into the Registry of the Court, **within ten (10) days of the date of this Order**, the sum of **$50,000.00** as and for compensation for the fees and other costs incurred by the Special Master in connection with this reference. The Court finds that, although both parties have contributed to the discovery disputes at issue, Plaintiffs appear to be responsible for much of the current discovery stalemate, as Plaintiffs have consistently failed to provide timely and organized discovery to Defendant. As such, the Court will allocate the deposit as such: Plaintiffs shall pay **$40,000.00**, while Defendant shall pay **$10,000.00**. If additional time and resources are necessary, the Court reserves the right to order the parties to deposit additional funds into the registry of the Court. At the conclusion of this reference, any funds remaining will be returned to the respective parties. The Court reserves the right to reallocate the apportionment of costs if the Court determines a party has acted in bad faith.

The Special Master shall maintain his billing records of time spent on this matter, documents received from the parties, and copies of his orders and reports.

The Clerk of Court shall provide Special Master Seigel with complete access to the electronic court file without charge.

This Memorandum and Order is subject to amendment by the Court *sua sponte,* upon application of the parties, or upon application of the Special Master. Jurisdiction of this action is retained by the Court.

Judge Seigel's contact information is: Hon. Mark D. Seigel, United States Arbitration and Mediation, 500 N. Broadway, Suite 1800, St. Louis, Missouri 63102, (324) 231-4642.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 26th day of January, 2023.