UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) |  |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | No. 4:16-cv-01631-RWS |
| | ) | |
| v. | ) | |
| | ) | |
| ANNE CORI, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT ANNE CORI'S MOTION FOR SANCTIONS**

Plaintiffs Phyllis Schlafly Revocable Trust, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby submit this Supplemental Response in Opposition to Defendant Anne Cori's ("Cori") Motion for Discovery Sanctions Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure (hereafter, "Motion") (ECF No. 257).

**RELEVANT PROCEDURAL BACKGROUND**

Cori filed her Motion on October 7, 2022 (ECF No. 257). The Motion requests that the Court "dismiss Plaintiffs' Second Amended Complaint with prejudice." Plaintiffs filed their response in opposition to the Motion on October 21, 2022 (ECF No. 259). Cori filed her reply in support of her Motion on October 31, 2022 (ECF No. 260).

On January 17, 2023, the Court heard argument on the Motion and reserved ruling (ECF No. 270). The Court further ordered the parties to submit a list of five (5) names to appoint as special master and, thereafter, appointed the Hon. Mark D. Seigel as special master to "resolve the

1

parties' outstanding discovery issues." (ECF Nos. 270 and 275). To date, the Hon. Mark D. Seigel has entered eight (8) Special Master's Orders on the parties' respective discovery motions.

On April 26, 2023, the cause was reassigned to the Hon. Rodney W. Sippel. (ECF Nos. 294 and 299). Thereafter, on May 3, 2023, the Court held a status conference ("Status Conference") (ECF No. 302). Following the Status Conference, the Court vacated all pending case management deadlines, vacated the trial setting, and ordered that all pending discovery motions be referred to the Special Master. (ECF No. 302). The Court's Order includes the referral of the Motion to the Hon. Mark D. Seigel. See Exhibit A, Transcript of Status Conference.

On August 25, 2023, at a Special Master Hearing, Plaintiffs requested that the Hon. Mark D. Seigel rule on the Motion. To date, the Hon. Mark D. Seigel has not heard argument on the Motion or otherwise ruled on the Motion. With the consent of Cori's counsel, Plaintiffs file this supplemental response in opposition to the Motion to memorialize the progress made by the parties in addressing the issues raised by Cori in her Motion and at the Status Conference since May 3, 2023.

## RELEVANT FACTUAL BACKGROUND

In Cori's Motion and at the Status Conference, Cori raised three issues: (1) the data set, (2) search terms, and (3) Plaintiffs' privilege log.[1] Each discovery issue has been addressed by Plaintiffs.

---

[1] Cori also filed a Motion for Sanctions on April 18, 2023 (ECF No. 289) and a Supplement to Her Motion for Sanctions on April 22, 2023 (ECF No. 290). The issues raised in that motion and the supplement seek sanctions related to the same issues identified by Cori at the Status Conference.

2

First, Cori alleged the data set, i.e., emails collected for John Schlafly and Ed Martin in 2015-2017, were incomplete.[2] Since the Status Conference, Plaintiff conferred with Cori and the Special Master. Plaintiffs confirmed the unfiltered email accounts for John Schlafly and Ed Martin were collected in March 2018 and filtered using culling criteria. (ECF No. 303). Pursuant to the Special Master Order #8, the culling criteria was provided to Cori. Thereafter, the unfiltered email accounts for John Schlafly and Ed Martin were transferred to Plaintiffs' current document vendor (ECF No. 303). Pursuant to the Special Master Order #8, Plaintiffs also provided Cori a declaration from Plaintiffs' prior document vendor that email accounts for John Schlafly and Ed Martin were collected in March 2018 and not otherwise filtered or modified when transferred to the current document vendor. While Plaintiffs disagree the initial data set was incomplete, Plaintiffs fully addressed Cori's first issue and Plaintiffs are not aware of any other complaint by Cori with respect to the data set.

Second, Cori alleged Plaintiffs unilaterally used search terms and Cori's supplemental search terms, which Plaintiffs ran without modification, did not sufficiently address Cori's concerns.[3] Following the Status Conference, the parties conferred and agreed to a search methodology for the unfiltered email accounts of John Schlafly and Ed Martin. Cori provided

---

[2] *See* Exhibit A, Transcript of Status Conference ("And I think the first thing that defendant needs is we need to fix the issues with the data set that was prepared by plaintiffs in responding to their Phase I and Phase II discovery."); *see also* Exhibit A, Transcript of Status Conference ("So I think we need to fix that data because you can't build a discovery collection on quicksand; there's no foundation, and the whole thing is compromised. And, Your Honor, that's the subject, in part, of Document No. 257, which is our motion for discovery sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.")

[3] *See* Exhibit A, Transcript of Status Conference ("The second thing we need, Your Honor, is we need our own search terms to be run on the complete data set."); *see also* Exhibit A, Transcript of Status Conference ("So in their rush to get that document dump out the door and on us, they used their own search terms. Now, we've provided some additional search terms to supplement where we think their search terms fell short…").

3

proposed search terms on June 7, 2023. See Exhibit B, Email correspondence between counsel for the parties. Notably, Cori's search terms were *not* associated with any prior request by Cori pursuant to Rule 34. Instead, these were new terms provided by Cori for the first time on June 7, 2023. Plaintiffs provided a hit report for those search terms on June 15, 2023. See Exhibit C, Email correspondence between counsel for the parties. On July 26, 2023, the parties agreed to a search methodology. See Exhibit D, Email correspondence between counsel for the parties. Pursuant to the search methodology, Plaintiffs have been reviewing documents and intend to make a production of documents. Plaintiffs fully addressed Cori's second issue and implemented a search methodology based on search terms provided by Cori on June 7, 2023. Plaintiffs are not aware of any other complaint by Cori with respect to the search terms used.

Third, Cori alleged Plaintiffs' privilege log lacked information and Plaintiffs needed to create a unified privilege log.[4] Plaintiffs provided a single, updated privilege log to Cori on May 26, 2023. See Exhibit E, Email correspondence between counsel for the parties. Since the production of the updated privilege log on May 26, 2023, Cori has not raised any issue with respect to missing information from the privilege log. To date, Cori challenged the privilege designation of sixteen documents on the updated privilege log. The parties conferred and Plaintiffs produced five of the challenged documents. Plaintiffs expect to continue conferring with Cori on the privilege log, but Plaintiffs have fully addressed Cori's third issue with respect to this missing information.

---

[4] *See* Exhibit A, Transcript of Status Conference ("The [third] thing we need is plaintiffs need to provide a complete privilege log. This is the subject of Document 290, defendant's supplement to her motion for sanctions."); *see also* Exhibit A, Transcript of Status Conference ("So we need to figure out, create a single, unified privilege log that says the information you need for a privilege log. After that, defendant needs to be able to review the privilege log and challenge the assertions of privilege…").

# ARGUMENT

## I. Standard of Review.

As the Eighth Circuit has recognized, there is a "strong policy in favor of deciding a case on its merits, and against depriving a party of his day in court." *Chrysler Corp. v. Carey*, 186 F.3d 1016, 1020 (8th Cir. 1999). Consistent with that policy, "[d]ismissal and entry of a default judgment should be the rare judicial act." *Edgar v. Slaughter*, 548 F.2d 770, 773 (8th Cir. 1977). "Striking one party's pleadings is a severe sanction that may ineluctably lead to judgment for the other side." *St. Louis Produce Mkt. v. Hughes*, 735 F.3d 829, 832–33 (8th Cir. 2013). "Dismissal is an extreme sanction that should be applied only where there is an order compelling discovery, a willful violation of the order, and prejudice to the other party." *U.S. v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollars & Sixty-Four Cents ($11,071,188.64) in U.S. Currency*, 825 F.3d 365, 369 (8th Cir. 2016) (citing *Hughes*, 735 F.3d at 832). "[B]efore dismissing a case under Rule 37(b)(2) the court must investigate whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Comstock v. UPS Ground Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014) (quotation omitted).

## II. Cori has not been prejudiced and, therefore, her Motion should be denied.

In its initial opposition to Cori's Motion, Plaintiffs explained why they did not violate a court order, willfully or otherwise. (ECF No. 259). Plaintiffs incorporate those arguments herein by reference. However, the crux of the issue is that Cori cannot show that she has been prejudiced. Dismissal may be considered as a sanction only if there is "prejudice to the other party." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992). To support a dismissal sanction, the alleged misconduct must affect a subject "material to the lawsuit." *Allen v. Tobacco Superstore, Inc.,* 475 F.3d 931, 936 (8th Cir.

2007). As described herein, the three issues raised by Cori in her Motion and at the Status Conference have been resolved.

Despite months of conferring to resolve these issues, multiple appearances before the Special Master, and the significant additional work and expense incurred by Plaintiffs,[5] Cori's counsel stated the following on July 28, 2023:

> …this does not (and was never intended by Defendant to) resolve any issues raised in Defendant's Motion for Discovery Sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure [Doc. No. 257], which concerns, *inter alia*, Plaintiffs' disregard of their discovery obligations during Phase I of discovery and their violation of the Court's Memorandum and Order date June 9, 2022 [Doc. No. 189]. If you are referring to different sanctions issues, please let me know.

*See* Exhibit D.

This statement was surprising to Plaintiffs because they have worked diligently, spent considerable time and have incurred substantial costs to address every issue raised by Cori in her Motion and at the Status Conference. Prior to continuing this path which Plaintiffs believed would result in resolution of the Motion for Sanctions, Plaintiffs requested a ruling on the Motion at the next hearing before the Special Master.

To justify a sanction, a party's conduct must **significantly impair** the other's ability to proceed at trial, or substantially interfere with resolution of the case. *See Heartland Bank v. Heartland Home Fin., Inc.*, 335 F.3d 810, 817 (8th Cir. 2003); *U.S. v. Kahaluu Constr. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). Plaintiffs have satisfactorily resolved Cori's complaints and there is no pending discovery deadline or trial setting. Moreover, Cori is free to complete any necessary remaining discovery. Because Cori cannot show any

---

[5] Due to the volume of the data, the search methodology agreed to by the parties, and vendor fees, Plaintiffs are incurring over $10,000 a month in vendor costs alone.

prejudice, the extreme sanction of dismissing Plaintiffs' Complaint is not warranted and Cori's motion for sanctions should be denied.

## CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request the Special Master and the Court deny Cori's Motion for Discovery Sanctions Pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Dated: September 29, 2023            Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C.**

By: */s/ Kelley F. Farrell*
Kelley F. Farrell, #43027MO
Andrew W. Blackwell, #64734MO
8182 Maryland Avenue, Floor 15
St. Louis, Missouri 63105
Phone: (314) 721-7701
Fax: (314) 721-0554
farrell@capessokol.com
blackwell@capessokol.com

**Rhoades McKee PC**

Patrick E. Sweeney
55 Campau Ave NW, Suite 300
Grand Rapids, MI 49503
(616) 235-3500
psweeney@rhoadesmckee.com

***Attorneys for Plaintiffs Phyllis Schlafly Revocable Trust, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on this 29th day of September, 2023, by operation of the Court's electronic case management and filing system.

*/s/ Kelley F. Farrell*