UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:16 CV 1631 RWS |
| ANNE CORI, et al., | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before me on Plaintiffs Eagle Forum Education and Legal Defense Fund and Eagle Trust Fund's objections to Special Master Order #9 and Order #10, in which the Special Master recommended granting Defendant Anne Cori's motion for discovery sanctions and awarding her attorney fees in the amount of $87,662.00.

## BACKGROUND

This case concerns the ownership and use of Phyllis Schlafly's property and likeness. The dispute currently before me arises out of objections to the Special Master Orders granting Defendant Cori's motion for discovery sanctions related to Phase I discovery in this case and awarding her attorney fees.

This lawsuit was filed on October 19, 2016. On March 12, 2021, Cori served Phase I written discovery requests on Plaintiffs. Plaintiffs served their responses on

April 13, 2021.  Cori alleged that the request for production responses ("Phase I RFP Responses") were materially deficient because they contained no specific reference to the documents being jointly produced by Plaintiffs and they referred Cori to more than 740,652 pages of documents that were produced in a different lawsuit.[1] Plaintiffs did not indicate which documents were responsive to which of Cori's requests.

On May 20, 2021, Cori filed a motion to compel Plaintiffs to produce, rather than refer to, every document that was responsive to Cori's written discovery and amend Plaintiffs' Phase I RFP Responses to sufficiently identify the documents Plaintiffs had produced.

On June 9, 2021, the U.S. District Judge John A. Ross[2] ordered Plaintiffs to produce documents relevant to their claims and to indicate which documents were responsive to which requests.  *See* ECF No. 189 (the "June 9 Discovery Order").  On August 11, 2021, and September 6, 2021, Plaintiffs produced two supplemental productions of documents.  The parties then filed motions for partial summary judgment on Phase I issues.  Judge Ross granted in part and denied in part the

---

[1] The documents initially produced by Plaintiffs originated from a Madison County, Illinois lawsuit by Anne Cori against Ed Martin, John Schlafly, Eagle Trust Fund, and Eagle Forum Education and Legal Defense Fund.  *See Cori v. Martin*, No. 2016MR000111 (Ill. Cir. Ct. Oct. 20, 2016).  Plaintiff Phyllis Schlafly Revocable Trust was never a party to the Madison County case.

[2] This case was originally assigned to U.S. District Judge John A. Ross, who recused himself from the case on April 26, 2023.  The case was then reassigned.

motions,[3] and entered a second amended case management order for Phase II discovery.

After Cori served Phase II written discovery on May 27, 2022, Plaintiffs' counsel informed Cori's counsel about concerns relating to ESI Protocol and the completeness of Plaintiffs' Phase I RFP Responses.  On September 26, 2022, Plaintiffs' counsel informed Cori that the dataset used for Plaintiffs' Phase I RFP Responses was a compilation of two different data sets created by two different law firms for two different lawsuits.

On October 7, 2022, Cori filed a motion for dismissal as a discovery sanction pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.  *See* ECF No. 257.  The motion alleged that Plaintiffs did not properly collect or search for responsive documents and, as a result, willfully violated the June 9 Discovery Order and caused Cori to suffer prejudice.  *See Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (citation omitted) (explaining that dismissal is an available discovery sanction

---

[3] Cori's motion sought partial summary judgment on Plaintiffs' trade secret claims (Counts I and IV), infringement of mark claims (Counts III, V, and IX), and the claim related to Phyllis Schlafly's publicity rights (Count VIII).  The Court granted partial summary judgment in favor of Cori on Counts I, V, VIII, and IX; It denied partial summary judgment on Counts III and IV.  Cori also joined Eagle Forum's motion for partial summary judgment on the ownership of the Schlafly Database (a compilation of information regarding donors and supporters of Phyllis Schlafly).  The Court denied the motion due to the existence of material questions of fact.  In addition, the Court denied a motion by Plaintiffs seeking rulings on seven factual issues.  *See* ECF No. 239.

if there is "(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party").

On December 20, 2022, Judge Ross appointed the Honorable Mark D. Siegel as Special Master to resolve the parties' outstanding discovery issues, and on May 3, 2023, I referred Cori's motion for sanctions to the Special Master. The parties then filed supplementary briefings on the discovery issue after it became clear that the dataset had not been tailored to respond to the document requests in this case. Instead, the dataset was filtered through search terms targeted to capture relevant documents from a different lawsuit.

On March 20, 2024, the Special Master entered Special Master Order #9, which granted Cori's motion for sanctions. The Special Master made a specific finding that Plaintiffs willfully violated the June 9 Discovery Order and that Cori suffered prejudice as a result. Rather than granting Cori's requested relief of dismissal, the Special Master awarded fees to Cori for (1) her reasonable attorney fees incurred in connection with all Phase I discovery and all Phase I dispositive motions prior to April 25, 2023; and (2) her reasonable attorney fees incurred in connection with briefing and presenting Defendant's motion for sanctions.

Cori then submitted a motion claiming she is entitled $98,800.00 in attorney fees pursuant to Special Master Order #9. This claim did not include block billed entries, fees not recoverable under Special Master Order #9, or amounts incurred by

4

Cori in responding to Plaintiffs' Phase I discovery request and preparing for and participating in her own deposition.

After reviewing each entry in Cori's claim for fees, including the reasonableness of the rate and amount charged, the Special Master reduced Cori's claim by $11,138.00. On May 21, 2024, the Special Master entered Special Master Order #10, which awarded Cori her reasonable attorney fees in the amount of $87,662.00. On May 28, 2024, Plaintiffs filed their objections to Special Master Orders #9 and #10.

## LEGAL STANDARD

Special Masters are governed by Rule 53 of the Federal Rules of Civil Procedure. A Special Master "may by order impose on a party any noncontempt sanction provided by Rule 37 or Rule 45." FED. R. CIV. P. 53(c)(2). In acting on a Special Master's order, I "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions. FED R. CIV. P. 53(f)(1).

Additionally, a party may file objections to a Special Master Order. FED. R. CIV. P. 53(f)(2). When ruling on objections, the Court must decide de novo findings of fact and conclusions of law made or recommended by a Special Master. FED. R. CIV. P. 53(f)(3)-(4); *see* ECF No. 275 at 3 (stating that reports of the Special Master will be reviewed by the Court consistent with Fed. R. Civ. P. 53).

## DISCUSSION

Plaintiffs object to both Special Master Order #9 and Special Master Order #10.  Regarding Order #9, Plaintiffs object to (1) the Special Master's factual findings that Plaintiffs "willfully violated the June 9 Discovery Order and Defendant [Cori] has suffered prejudice," *see* ECF No. 311 at 3, and (2) the Special Master's legal conclusion awarding Cori attorneys' fees for "all Phase I discovery and Phase I dispositive motions." *See id.*  Regarding Order #10, Plaintiffs object to the Special Master's legal conclusion awarding Cori $87,662.00 in attorneys' fees.  *See* ECF No. 316 at 2.  For the reasons below, Plaintiffs' objections will be overruled in part and sustained in part.

### A.     Plaintiffs willfully violated the June 9 Discovery Order.

Plaintiffs object to the Special Master's factual finding that they willfully violated the June 9 Discovery Order.  In support of their objection, Plaintiffs note that they supplemented their discovery responses after the June 9 Discovery Order and later voluntarily disclosed potential issues with the data set.  In response, Cori states that the dataset used by Plaintiffs for Phase I discovery was subject to search terms agreed to by parties in different litigation.  Cori was not consulted regarding the search terms.

Upon de novo review, I find that Plaintiffs willfully violated the June 9 Discovery Order.  Judge Ross's Order granted in part Cori's motion to compel and

6

ordered Plaintiffs to "produce the documents in this case" and "indicate which documents are responsive to which requests." *See* ECF No. 189 at 5. In supplementing their discovery responses pursuant to Judge Ross's order, Plaintiffs relied on a dataset that was filtered through search terms relevant to a different lawsuit to which Plaintiff Phyllis Schlafly Revocable Trust was not a party. By doing so, Plaintiffs did not produce and refer to the relevant documents in this case. As a result, Plaintiffs willfully violated the June 9 Discovery Order and Plaintiffs' objection to the Special Master's factual conclusion on this point will be overruled.

### B.  Cori was prejudiced by Plaintiffs' conduct.

Plaintiffs object to the Special Master's factual finding that Cori suffered prejudice because of Plaintiffs' inadequate discovery responses. In support of their objection, Plaintiffs argue that the Special Master did not explain how Cori was prejudiced and that the discovery issues have since been resolved. In response, Cori argues that her work conducting Phase I discovery and summary judgment motions was rendered meaningless and that she was "forced to 'hound' Plaintiffs for discovery" that she was entitled to. *See* ECF No. 319 at 13.

Upon de novo review, I find that Cori was prejudiced by Plaintiffs' failure to comply with the June 9 Discovery Order. After Plaintiffs violated the June 9 Discovery Order, Cori was forced to spend unnecessary time and money to ensure Plaintiffs full compliance with discovery requests. These efforts included filing

7

motions for sanctions and participating in proceedings before the Special Master. *Cf. Schoffstall v. Henderson*, 23 F.3d 818, 824 (8th Cir. 2000) (finding prejudice where the plaintiff's "actions required the [defendant] to spend its time hounding her for releases the court had already ordered her to provide"); *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987) (explaining that "absent the discovery abuses, [plaintiff] would not have incurred the expense of the sanctions motion . . . and he would not be fully reimbursed for the extra work caused by the discovery abuse"). As a result, Cori was prejudiced due to Plaintiffs' failure to comply with the June 9 Discovery Order, and Plaintiffs' objection to the Special Master's factual conclusion on this point will be overruled. *See Coral Group, Inc. v. Shell Oil Co.*, 286 F.R.D. 426, 436 (W.D. Mo. 2012) (stating that discovery-related prejudice includes "irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party," as well as "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery").

    **C.**    **The award of attorneys' fees for all Phase I discovery and Phase I dispositive motions is not warranted at this time.**

Plaintiffs object to the Special Master's legal conclusion that Cori is entitled to attorney fees incurred for all Phase I discovery and Phase I dispositive motions. In support of their objection, Plaintiffs argue that the award is not warranted because

8

it includes fees that would have otherwise been incurred during the normal course of litigation and fees unrelated to Plaintiffs' noncompliance with the June 9 Discovery Order.  Cori responds that her work on Phase I discovery and Phase I dispositive motions was rendered meaningless by Plaintiffs' misconduct.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes sanctions, including attorneys' fees, for failure to comply with discovery orders. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980); *see* FED. R. CIV. P. 37(b)(2)(C). Such sanctions may include "an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (citation omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) (explaining that sanctions, "when imposed pursuant to civil procedures, must be compensatory rather than punitive").  As a result, Cori "may recover 'only the portion of [her] fees that [she] would not have paid but for' the misconduct." *Goodyear*, 581 U.S. at 109 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)).

Upon de novo review, I find that awarding fees incurred for all Phase I discovery and Phase I dispositive motions is not warranted because such an award includes fees for work that would have been done regardless of Plaintiffs' conduct. As a result, these fees will be subtracted from the Special Master's award.

9

First, Special Master Order #10 awarded $27,509.00 in fees for preparing for and taking the Phase I deposition of Plaintiffs' corporate representative.  However, it is likely that Cori would have taken this deposition even absent Plaintiffs' misconduct and she did not seek to re-depose him after the violation.  *Cf. Fox*, 536 U.S. at 839 (remanding fee claim when it was "likely that [defendant's] attorneys would at least have conducted similar fact-gathering activities—taken many of the same depositions . . . and so forth").  However, Cori may renew her claim for these fees if she can establish that Plaintiffs' misconduct required her to re-open Phase I topics in a future deposition.

Second, Special Master Order #10 awarded $36,637.00 in fees for researching and drafting motions for partial summary judgment on Phase I issues.  Cori argues that Plaintiffs' failure to comply with the June 9 Discovery Order rendered her work on Phase I dispositive motions meaningless.  But Judge Ross ruled in Cori's favor on her motion and Plaintiffs' cross-motion, and she fails to explain how her work has been rendered meaningless or why those fees would not have been incurred but for Plaintiffs' misconduct.  Because these fees do not appear to satisfy the causal link between Plaintiffs' misconduct and the legal fees paid by Cori, *see Goodyear*, 581 U.S. at 108, they will be subtracted from the Special Master's award without prejudice.  However, if Cori renews her motion for summary judgment on claims for

which she did not prevail and is successful, then she may renew her claim for fees if she can show that she would have prevailed originally but for Plaintiffs' misconduct.

> **D. Cori's fee request is based on reasonable hours expended and reasonable hourly rates.**

Plaintiffs object to the Special Master's legal conclusion that Cori's fee request established the reasonableness of the hours expended and the hourly rates upon which the fee request is made. Plaintiffs argue that Cori's fee request fails to mention or reference a reasonable hourly rate and that block-billed time entries make it impossible to determine the amount of time spent on any individual task. Cori responds that the hourly rate is easily determined by the invoices and that the block-billing has already been addressed.

Upon de novo review, I find that Cori's fee request is based on reasonable hours and rates. The hourly rates charged by Cori's attorneys are easily determinable because the invoices included with the fee claim reference the amount of time worked and the amount charged for that time. *See* ECF No. 312-1. Additionally, Special Master Order #10 excluded fees for block-billed entries that prevented the Special Master from isolating certain amounts that are outside the scope of the fee award. As a result, Plaintiffs' objection on this issue will be overruled.

## CONCLUSION

After de novo review of Special Master Order #9 and Order #10, I adopt the Special Master's factual findings that Plaintiffs violated the June 9 Discovery Order

11

and that their violation prejudiced Cori. I will modify Special Master Order #9 and Order #10 to exclude $64,146.00 in fees incurred by Cori for (1) the deposition of John Schlafly ($27,509.00) and (2) Phase I dispositive motions ($36,637.00). Finally, I will adopt the Special Master's legal conclusion that Cori's fee request is based on reasonable hours expended and reasonable hourly rates.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' objections to Special Master Order #9 and Order #10 [317] are **OVERRULED** in part and **SUSTAINED** in part. The Special Master's factual findings are upheld. The Special Master's award of $87,662.00 in attorney fees is modified without prejudice to exclude $64,146.00 in fees for John Schlafly's deposition and work related to Phase I dispositive motions.

**IT IS FURTHER ORDERED** that Defendant Cori's motion for discovery sanctions [257] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Cori's claim for attorneys' fees awarded by Special Master Order #9 [312] is **GRANTED**. Plaintiffs shall reimburse Cori for attorney fees in the amount of $23,516.00.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of April 2025.