UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:16 CV 1631 RWS ) |
| ANNE CORI, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiffs' motion to add a party and file a Third Amended Complaint [364].  Plaintiffs seek to add Elizabeth Miller as a defendant and proceed on four claims in this case: Count I for violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836; Count II for violation of the Missouri Uniform Trade Secrets Act, RSMo. § 417.450, *et seq*.; Count III for Civil Conspiracy; and Count IV for Tortious Interference with Business Expectancies. On November 3, 2025, Defendant Anne Cori filed a response in opposition to the motion.  ECF. No. 369.  Defendant does not oppose Plaintiffs' request to dismiss the claims against her in Counts I, III-V, VIII-X, and XII-XIV of Plaintiffs' Second Amended Complaint.  ECF Nos. 369 at 1 n.1, 138.  For the reasons set forth below, I will deny Plaintiffs' motion.  However, if Plaintiffs still wish to

1

dismiss Counts I, III-V, VIII-X, and XII-XIV of their Second Amended Complaint, they may file a motion for voluntary dismissal of those claims.

## BACKGROUND

Plaintiffs originally filed this case more than nine years ago on October 19, 2016. ECF. No. 1. Plaintiffs' First Amended Complaint was filed on April 17, 2017. ECF. No. 57. Their Second Amended Complaint was filed on August 12, 2020. ECF. No. 138.[1] Briefly, this case is one of several involving a few of the late Phyllis Schlafly's organizations and two of her adult children. Defendant Anne Cori, Phyllis Schlafly's daughter, controls the Eagle Forum. Phyllis Schlafly's son, John Schlafly, is a trustee of Plaintiffs Phyllis Schlafly Revocable Trust ("PSRT"), Eagle Trust Fund ("ETF"), and Eagle Forum Education and Legal Defense Fund ("EFELDF"). The parties contest the ownership of several items of intellectual property: a database of conservative cause donors compiled by Phyllis Schlafly over the course of her life, five wordmarks and trademarks, and Phyllis Schlafly's publicity rights.

Since 2016, the parties have engaged in extensive discovery, including written discovery and depositions. On January 26, 2023, a Special Master, retired St. Louis County Circuit Judge Mark D. Seigel, was appointed to resolve the parties' discovery disputes. The Special Master has resolved more than a dozen

---

[1] This case was transferred to me on April 26, 2023. ECF. No. 294.

2

discovery disputes, involving review of thousands of documents, objections, and extensive briefing by both parties. After the most recent Special Master Order was entered, I held a Rule 16 conference. At the conference on October 9, 2025, Plaintiffs requested leave to add a party and file another amended complaint. Rather than grant Plaintiffs' request for leave, I gave them permission to file a motion for joinder of additional parties and/or amendment of the pleadings by October 15, 2025. This allowed me to review the Plaintiffs' requests in light of the long history of this case. Accordingly, Plaintiffs filed the instant motion for leave to add Elizabeth Miller as a defendant and to file their Third Amended Complaint. Their proposed Third Amended Complaint contains four counts, three of which were alleged in their Second Amended Complaint, and one of which is a new claim for civil conspiracy against Anne Cori and Elizabeth Miller. ECF. No. 364 at 2-3. Counts I, II, and III of the Third Amended Complaint would be brought against both Cori and Miller, and Count IV would be brought against Cori only. ECF. No. 364-1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "leave to amend [the pleadings] should be freely given to promote justice." *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024) (citing Fed. R. Civ. P. 15(a)). The Federal Rules "liberally permit amendments to pleadings." *Dennis v. Dillard Dep't*

3

*Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). However, Rule 15 is not without limits. *See, e.g., Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) ("The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute."). "A decision whether to allow a party to amend her complaint is left to the sound discretion of the district court." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). A court may deny leave to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (citation omitted).

## DISCUSSION

Plaintiffs argue that granting them leave to join Miller and file their Third Amended Complaint would further the interests of justice and focus the issues in the case. ECF. No. 364 at 3. They contend that it was not until recently that they understood the "full extent" of Elizabeth Miller's involvement in the alleged conduct forming the basis of their claims. *Id.* at 2. Cori argues that I should deny leave to amend because Plaintiffs' motion was the product of "undue delay, bad faith and/or a dilatory motive" and because of the "futility" of Plaintiffs' proposed Third Amended Complaint. *See* ECF. No. 369.

4

### A.      Undue Delay

First, I will deny Plaintiffs' motion because they have unduly delayed joining Elizabeth Miller as a defendant.  The record shows that Plaintiffs have been aware of Miller's involvement since the inception of this case.  On November 3, 2016, less than a month after filing their initial Complaint in this Court, Plaintiffs included allegations involving Miller in their motion for a temporary restraining order.  ECF. No. 7.  Plaintiffs alleged that Miller was a full-time employee of the Eagle Trust Fund with "access to financial information as well as the Schlafly Database." *Id.* at 7.  They further alleged that in a meeting with John Schlafly, Miller "refused" to turn in her passwords for access to the company systems. *Id.* at 7.  As a result, Plaintiffs "fear[ed] that these employees may have unlawfully copied" partial lists of individuals from the Schlafly Database and had an "expert performing forensics on the computer accessed by these employees." *Id.*  Shortly thereafter, on April 17, 2017, Plaintiffs filed an Amended Complaint in this Court. ECF. No. 57.  In their Amended Complaint, Plaintiffs noted that Miller "was the primary Eagle Trust Fund employee responsible for website and email maintenance," and they alleged that Miller's access credentials were used to "covertly appropriate[] a full copy of the secret Schlafly Database from its secure cloud backup…while she was still employed by Eagle Trust Fund." *Id.*  Despite

5

these allegations, Plaintiffs did not seek leave to add Miller as a defendant in this case.

A few months later, on August 8, 2017, Plaintiffs Eagle Trust Fund and Eagle Forum Education and Legal Defense Fund filed a Counterclaim in the Circuit Court for Madison County, Illinois, in the case *Anne Schlafly Cori, et al. v. Edward R. Martin, Jr., et al.*[2]  There, they raised the same concerns surrounding Miller's alleged involvement in unlawfully accessing the Schlafly Database.  ECF. No. 369-1 at 16-18.  Then, in October of 2018, Plaintiffs Eagle Trust Fund and the Eagle Forum Education and Legal Defense Fund filed their First Amended Counterclaim in the Madison County lawsuit.  ECF. No. 369-2.  Their Counterclaim alleged that Miller breached her fiduciary duties to her employer, the Eagle Trust Fund.  *Id.* at 74.  They claimed that the Counterdefendants, which included Anne Cori, aided and abetted Miller's alleged breach of her fiduciary duties "by requesting and obtaining trade secrets, including the Schlafly Database, from [Miller]." *Id.*

In the instant motion, Plaintiffs assert that they did not understand the "full extent of Elizabeth Miller's involvement" until they deposed her in this case in 2023.  ECF. No. 364 at 2.  However, 2023 was not the first time Plaintiffs had the opportunity to depose Miller.  Miller was deposed on December 11, 2019 in the

---

[2] Cause No. 2016MR000111.

6

Madison County case.  ECF. No. 110-6.  Plaintiffs filed the deposition transcript in this Court as an exhibit to their Supplemental Motion to Lift Stay on April 6, 2020.  *See* ECF. No. 110.  Plaintiffs' attorneys questioned Miller about her access to the Schlafly Database, her work with Cori, and her alleged involvement in the events of October of 2016.  ECF. No. 110-6 at 51-68, 84-89.  Moreover, in email exchanges as early as December of 2016, Plaintiffs proposed using the Eagle Trust Fund's lawyers to send a "demand letter" to Miller, "accusing her of being personally responsible for stealing non-EFc4 assets."  ECF. No. 369-4.  In 2019, email exchanges between the Plaintiffs show them debating whether the Eagle Trust Fund would be suing Miller.  ECF. No. 369-6.

Plaintiffs filed their Second Amended Complaint in this Court on August 12, 2020, without adding Miller as a defendant.  ECF. No. 138.  This complaint brought even more detailed allegations involving Miller.  Plaintiffs claimed that Miller "covertly" downloaded the "entire Schlafly Database" and accompanying proprietary information and publications from one of the Eagle Trust Fund's computers."  *Id.* at 31.  They alleged that Miller acted "at the direction of Defendant Cori."  They directly accused Miller of "theft" and noted that "[f]ollowing her theft of ETF's trade secrets, Miller ceased reporting to work at ETF and instead began working for Eagle Forum (c)(4) and the Individual Defendants."  *Id.* at 32.

7

A mere six months later, in December of 2020, Plaintiffs Phyllis Schlafly Revocable Trust and the Eagle Trust Fund sued Miller and Cori in Madison County, Illinois.[3]  ECF. No. 369-3.  Plaintiffs asserted claims against them under the Illinois Trade Secrets Act, Civil Conspiracy (as they seek to do here), unjust enrichment, and breach of fiduciary duty.  *Id.*  At several points in their complaint in that case, they allege that Miller acted "in concert" with Cori and claim that Miller and Cori "concocted a scheme to acquire the invaluable Schlafly Database and proprietary information using Defendant Miller's access to the Schlafly Database…for the larger purpose of contacting donors and constituents for Eagle Forum(c)(4)'s financial gain."  *Id.* at 7, 8, 11.

To assert claims against Miller in Madison County, Plaintiffs were required to meet Illinois' more rigorous fact pleading standard.  *See, e.g.*, *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (2004) ("Fact pleading imposes a heavier burden on the plaintiff, so that a complaint that would survive a motion to dismiss in a notice-pleading jurisdiction might not do so in a fact-pleading jurisdiction.").  Under the federal notice pleading standard, Plaintiffs only need "to plead facts indirectly showing unlawful behavior, so long as the facts pled 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Braden v. Wal-Mart Stores*, Inc., 588 F.3d 585, 595 (8th Cir. 2009) (quoting *Bell*

---

[3] Lawsuit captioned *Eagle Trust Fund, et ol. v. Elizabeth Miller, et al.*  Cause No. 2020-L-001699.

8

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, if Plaintiffs could plead sufficient factual allegations to sue Miller in Madison County in 2020, they could have moved to add Miller to this case long before October of 2025.

Based on the email communications between the Plaintiffs and their filings in this Court and Madison County, I find that Plaintiffs have unduly delayed adding Miller as a defendant in this case. *See Transamerica Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, 590 F. Supp. 2d 1093, 1106 (N.D. Iowa 2008) ("[Plaintiff] unduly delayed asserting the claims and defenses it now wishes to assert, even after the ***factual*** bases for such claims or defenses were readily apparent, and the ***legal*** bases for such claims or defenses were not wholly lacking.) (emphasis in original). This Court has already granted Plaintiffs leave to amend their complaint twice. They should have brought these claims against Miller in one of their previous amended complaints to avoid undue delay.

**B.    Prejudice**

Second, in addition to undue delay, granting Plaintiffs' motion would result in prejudice to Cori. In denying leave to amend, "[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). If Miller is added to this lawsuit, Cori would be burdened by additional discovery and its associated costs, including experts, written discovery, and depositions. It could also delay the discovery

9

deadlines that have already been set and the trial schedule. *See Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003) (listing additional discovery and potentially delaying pretrial deadlines or the trial schedule as proper reasons to deny leave to amend a complaint); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052 (8th Cir. 2005) (finding the district court did not abuse its discretion in denying leave to amend when it would "impose additional discovery requirements" and "delay the conclusion of the case.").

    C.    **Futility of the Proposed Amendment**

Third, I find that adding Miller as a defendant at this stage of the litigation would be futile. "A district court's denial of leave to amend a complaint may be justified if the amendment would be futile." *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted). "An amendment is futile if the amended claim 'could not withstand a motion to dismiss under Rule 12(b)(6).'" *Id.* (quoting *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014)). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Here, Plaintiffs' proposed Third Amended Complaint brings claims against Miller for violations of the DTSA, MUTSA, and civil conspiracy. Plaintiffs base

10

these claims on Miller's alleged conduct in October of 2016. Cori asserts that the statute of limitations has run on each of Plaintiffs' proposed claims against Miller and that Plaintiffs released their claims in a prior Settlement Agreement and Mutual Release.[4] ECF. No. 369 at 7. Plaintiffs argue that these are affirmative defenses that belong to Miller only after she is added to the case, meaning that Cori cannot raise them in opposition to Plaintiffs' motion. ECF. No. 373 at 3-4. Further, Plaintiffs argue that accrual and tolling for the DTSA and MUTSA, and whether the prior release agreement applies to claims against Miller, are questions of fact that are not properly resolved on a Rule 15 motion. *Id.* at 4-5.

In the context of the Plaintiffs' Rule 15 motion, Defendant Cori's opposition does not improperly assert affirmative defenses that would belong to Miller. Rather, pointing out that Plaintiffs' proposed claims against Miller would be time-barred supports the legal conclusion that they would not survive a motion to dismiss. *See Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss.") (citing Fed. R. Civ. P. 12(b)(6)); *see also Thurman v. United States*, No. 3:21-CV-00067, 2022 WL 18142054, at *2 (S.D. Iowa July 8, 2022) ("[D]istrict courts may properly deny leave to amend…when

---

[4] *See* ECF. No. 254 ("Stipulated Order Dismissing All Claims Against Defendant Eagle Forum").

11

the amended complaint would still be time-barred regardless of the merits."). The statute of limitations for violations of the DTSA is three years. *See* 18 U.S.C. § 1836(d); *see also Williams v. Insomnia Cookies, LLC*, No. 4:23-CV-669 HEA, 2025 WL 2062189, at *7 (E.D. Mo. July 23, 2025). The three-year statute of limitations begins to run "once the misappropriation of the trade secret is discovered or by the exercise of reasonable diligence should have been discovered." *Williams*, 2025 WL 2062189, at *7. Violations of the MUTSA are governed by a five-year statute of limitations. *See* Mo. Rev. Stat. § 417.461. Claims for civil conspiracy are also governed by a five-year statute of limitations. *See* Mo. Rev. Stat. § 516.120(4).

If Plaintiffs' motion was granted, Miller's counsel would certainly raise the statute of limitations defense on her behalf. As explained, the facts alleged here clearly demonstrate that Plaintiffs had reason to suspect Miller's involvement in unlawful conduct more than four years ago when they filed their Second Amended Complaint. Even if Plaintiffs are correct and the release agreement does not apply to Miller, Miller could still raise the statute of limitations defense if she is added as a party. Therefore, I find that Plaintiffs' proposed claims against Miller appear to be futile. [5]

---

[5] Plaintiffs cite *Williams v. Insomnia Cookies, LLC* to support their argument that the DTSA and MUTSA claims against Miller would not be time-barred. No. 4:23-CV-669 HEA, 2025 WL 2062189 (E.D. Mo. July 23, 2025). In that case, however, the court found that there was nothing in the pleadings to "suggest that Defendants had reason to suspect" that one of their store managers "was accessing and taking their confidential financial documents," such as

12

Notably, the Federal Rules of Civil Procedure, including Rule 15, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Plaintiffs assert that Cori's arguments are premature and should be litigated only once Miller is added to the lawsuit. *See* ECF. No. 373. They also note that litigating the statute of limitations defense and applicability of the release agreement will be fact-intensive pursuits. *Id.* Litigating and deciding these claims on the merits would only serve to prolong what has already been a lengthy and expensive dispute.

Because Plaintiffs' motion is the product of undue delay, and because allowing Plaintiffs to add Miller and file their Third Amended Complaint would result in prejudice to Cori and appears to be futile, I will deny their motion.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiffs' Motion to Add Party and File Third Amended Complaint [364] is **DENIED**.

							_____
							RODNEY W. SIPPEL
							UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2025.

---

allegations that he was "leaving for a competitor." *Id.* at *7. Plaintiffs in this case have consistently asserted the opposite about Miller. They have been claiming for the past nine years that Miller's credentials were used to access the Schlafly Database without authorization shortly before she became an employee of their competitor.