UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHYLLIS SCHLAFLY REVOCABLE TRUST, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:16 CV 1631 RWS |
| ANNE CORI, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant Anne Cori's Sealed Motion to Overrule Plaintiffs Claim of Inadvertent Disclosure of Allegedly Privileged Documents [399].  On March 12, 2026, I held a hearing on this motion.  Based on the parties' briefs and arguments at the hearing, I requested they provide me with supplemental information regarding a pre-trial conference that took place on February 13, 2026, in the Circuit Court for St. Louis County before Judge Brian May.[1]  On March 17, 2026, Cori filed a status update informing me that the pre-trial conference was neither recorded nor transcribed.  On March 24, 2026, Plaintiffs filed their own response to my request for supplemental information.  For the reasons set forth below, I will grant Cori's motion in part and deny it in part.  I will overrule Plaintiffs' claims of inadvertent disclosure, but I will not award Cori

---

[1] Case captioned *Bruce Schlafly v. Anne Cori* (Cause No. 20SL-CC01069).

1

reasonable costs and attorney's fees associated with responding to Plaintiffs' Clawback Demand Letter.

As an initial matter, Plaintiffs produced the three documents at issue more than three years ago as part of their production in this lawsuit.  On January 4, 2023, Plaintiffs produced two of the documents pursuant to a court order compelling production.  *See* ECF. No. 264; ECF. No. 399-5.  These two documents were an Engagement Letter from September 2016 and the "March 2nd Bruce Email."  Plaintiffs' January 2023 Privilege Log asserted privilege over the third document at issue, the "October 3rd Bruce Email."  *See* ECF. No. 399 at 9.  This email copied both Andy Schlafly and Roger Schlafly.  ECF. No. 399-1 at 7.  Shortly thereafter, Special Master Mark Seigel reviewed Plaintiffs' assertions of privilege and gave the following instruction in Special Master Order #2:

> By agreement of the parties, Plaintiffs shall withdraw all assertions of privilege over emails or documents sent to or from *(or copying)* Roger Schlafly…and produce those documents to Defendant.

ECF. No. 279 at 2 (emphasis added).  Plaintiffs did not object to this order. Accordingly, Plaintiffs produced the October 3rd Bruce Email in their production volume containing "emails with Roger Schlafly or Liza Forshaw that were previously withheld as privileged."  ECF. No. 399-7.  Plaintiffs reviewed the October 3rd Bruce email, added it to their privilege log, and later produced it

without further objection in response to the Special Master's Order.  Plaintiffs cannot now reassert their claim for privilege over the same document.

Next, Plaintiffs argue they inadvertently disclosed the Engagement Letter and March 2nd Bruce Email because they were among the large number of documents being produced during Phase II of discovery.  They assert that it was easy for them to miss a few privileged documents among the approximately 29,000 others included in their production.  ECF. No. 402 at 4.  In determining whether Plaintiffs waived their claims of privilege, I considered the five factors set forth in *Gray v. Bicknell*, 86 F.3d 1472 (8th Cir.1996).[2]  Those factors are: "(1) the reasonableness of the precautions taken to prevent inadvertent disclosure in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the extent of the disclosures, (4) the promptness of measures taken to rectify the disclosure, and (5) whether the overriding interest of justice would be served by relieving the party of its error." *Id.* at 1484.  At the March 12th hearing, I voiced my concerns surrounding the fourth factor and Plaintiffs' apparent lack of due diligence in seeking the return of the documents.

Notably, the October 3rd Bruce email had already been produced and utilized in the St. Louis County lawsuit.  Cori points out, and Plaintiffs do not deny, that

---

[2] Because I find that Plaintiffs have waived their assertions of attorney-client privilege, I will not address Cori's arguments that the Engagement Letter and March 2nd Bruce Email are not subject to attorney-client privilege in the first place.

the October 3rd Bruce email was produced in the county lawsuit in April 2025.  The October 3rd Bruce Email was also used in two depositions in the county lawsuit that occurred in October and early November 2025.  ECF. No. 399 at 14.  Moreover, Cori utilized allegedly privileged materials in her opposition to John Schlafly's motion for summary judgment in December 2025.  ECF. No. 411 at 19.  Cori further stated that the summary judgment pleadings in the county are not under seal.  *Id.* at 23.  In other words, at least some of the allegedly privileged information has been on the public record in the county since December 2025.  Although not produced in the county lawsuit until January 30, 2026, the Engagement Letter and March 2nd Email *were produced in this lawsuit in 2023* and the information contained in them has been in Cori's possession.

While I recognize that Plaintiffs' counsel in this lawsuit, Andrew Blackwell, is not the counsel of record for John Schlafly in the county lawsuit, John Schlafly is individually a party in both cases.  His attorney in the county lawsuit is Patrick Tyler Connor.  At the hearing, I was informed that Mr. Connor called Mr. Blackwell and notified him that documents from this lawsuit were being used in the county lawsuit.  *Id.* at 17.  That phone conversation took place in October 2025.  Cori did not receive the Clawback Demand Letter until four months later on February 12, 2026.  *Id.* at 23-25.  In support of her motion, Cori filed the Declaration of Erik O. Solverud.  ECF. No. 409-1.  Mr. Solverud is counsel of

4

record for Anne Cori in both this lawsuit and the lawsuit in the county. In his Declaration, Mr. Solverud states that at the February 13th pre-trial conference in St. Louis County, counsel for John Schlafly "advised [him] that he had spoken to Andrew Blackwell about a clawback demand letter in October 2025 regarding documents produced in the EDMO lawsuit." ECF. No. 409-1 at ¶ 7. Mr. Solverud then repeated what Mr. Connor had told him to Judge May at the February 13th pre-trial conference. *Id.* at ¶ 8. Mr. Connor never disputed or denied this statement. *Id.* at ¶ 9. In Plaintiffs' most recent filing in opposition to the motion, Mr. Blackwell notes that he "does not dispute" the October 2025 conversation occurred between him and Mr. Connor. ECF. No. 413 at 3. Despite his phone conversation with Mr. Connor, Mr. Blackwell claims he did not receive a compilation of the documents and review them until February 12, 2026. *Id.* at 2.

Plaintiffs contend that the "operative event" determining whether they acted promptly was when Mr. Blackwell reviewed the documents on February 12, 2026, and not the "date of production" of the documents in 2023. *Id.* They therefore argue that they promptly sent the Clawback Demand Letter the same day. *Id.* at 2-3. Plaintiffs also emphasize that two of the documents, the Engagement Letter and the March 2nd Bruce Email, were not produced in the county lawsuit until January 30, 2026. ECF. No. 413 at 2 (citing ECF. No. 405 at 2-3). Cori argues that Plaintiffs have not met their burden of showing that the disclosure does not operate

5

as a waiver. *See, e.g., United States v. Mallinckrodt, Inc.*, 227 F.R.D. 295, 297 (E.D. Mo. 2005). She asserts that the Engagement Letter was produced in a lawsuit in Madison County, Illinois, as early as November 27, 2018, in addition to being produced in this lawsuit in January 2023. ECF. No. 414 at 2. The March 2nd Bruce Email was also produced in this lawsuit in January 2023 in response to a court order. *Id.*

Here, I find the fact that Plaintiffs produced the Engagement Letter *in at least two lawsuits over the course of several years* demonstrates their lack of due diligence in avoiding inadvertent disclosures. "In evaluating promptness, at least one court has considered whether the disclosing party discovered, or with reasonable diligence should have discovered the inadvertent disclosure." *Herndon v. U.S. Bankcorp Asset Mgmt., Inc.*, No. 4:05CV01446ERW, 2007 WL 781788, at *4 (E.D. Mo. Mar. 13, 2007) (citing *Kan. City Power & Light Co. v. Pittsburgh & Midway Coal Mining. Co.*, 133 F.R.D. 171, 172 (D.Kan.1989)). Plaintiffs have not argued that the Engagement Letter is subject to a protective order in Madison County. Furthermore, even if the October 3rd Bruce Email was not produced in response to the Special Master's Order in 2023, Plaintiffs should have inquired about it and any other "documents produced in the EDMO lawsuit" as soon as they received the phone call from Mr. Connor in October 2025. As I expressed at the

6

hearing, Plaintiffs learned about privileged materials being used in depositions in the county in October 2025 and should have taken immediate action.

Additionally, I find the fifth *Bicknell* factor, whether the overriding interest of justice would be served by relieving the party of its error, weighs against Plaintiffs.  Plaintiffs had plenty of time and the resources to discover that privileged materials were being produced and used in multiple lawsuits.  *See Baranski v. United States*, No. 4:11-CV-123 CAS, 2015 WL 3505517, at *7 (E.D. Mo. June 3, 2015) (finding the interests of fairness weighed in favor of waiver "because the government had ample opportunity to discover and assert the claimed privileged status of the documents.").  Cori has been in possession of these three documents for more than three years.  Plaintiffs cannot put the toothpaste back into the tube.  Cori already utilized allegedly privileged information in depositions and to survive summary judgment in the county lawsuit.  Given that more than three years have passed since Plaintiffs produced the documents, I will not now foreclose Cori's use the information as part of her strategy in this lawsuit.  *See id.* (noting "Petitioner has been in possession of these documents for two years and should not be forced to possibly alter his plans for presentation of his case").

Finally, I will deny Cori's request for attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).  Cori argues she should be awarded reasonable costs and attorney's fees incurred in responding to Plaintiffs' Clawback

7

Demand Letter.  She claims Plaintiffs' letter is evidence of their attempt to violate previous discovery orders that mandated production of the documents at issue. ECF. No. 399 at 14-15.  Rule 37 permits courts to impose sanctions on a party for failing to comply with discovery orders. However, I find Plaintiffs' act of sending a clawback demand letter does not demonstrate failure to comply with any of the discovery orders in this lawsuit.  As Cori notes, Plaintiffs did not object to producing two of the documents pursuant to the Court's December 2022 order compelling discovery, and once ordered by the Special Master to produce the October 3rd Bruce Email, Plaintiffs produced it without further objection.  Plaintiffs have not committed any of the discovery violations listed in Rule 37 by simply sending the letter to Cori.  Cori's successful objection to the letter does not turn Plaintiffs' demands into a discovery violation.  I therefore will not order Plaintiffs to pay reasonable costs and attorney's fees to Cori.

After carefully considering the parties' arguments and the factors set forth in *Bicknell*, I find Plaintiffs waived their assertions of privilege over the documents at issue.  I will grant Cori's motion to the extent that it overrules Plaintiffs' claims of inadvertent disclosure of allegedly privileged documents.  Because Cori has not demonstrated that Plaintiffs violated any discovery orders by sending their clawback demand letter, I will not award Cori reasonable costs and attorney's fees.

Accordingly,

8

**IT IS HEREBY ORDERED that** Defendant Anne Cori's Sealed Motion to Overrule Plaintiffs Claim of Inadvertent Disclosure of Allegedly Privileged Documents [399] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED that** Plaintiffs' claims of inadvertent disclosure of allegedly privileged documents are overruled.

**IT IS FURTHER ORDERED that** Cori will not be awarded reasonable costs and attorney's fees pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2026.