UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PHYLLIS SCHLAFLY REVOCABLE )
TRUST, et al., )
                )
        Plaintiffs, )
                )
        v. )        No. 4:16 CV 1631 RWS
                )
ANNE CORI, )
                )
        Defendant. )

## MEMORANDUM AND ORDER

This matter is before me on Defendant Anne Cori's Motion for Leave to Disclose Rebuttal Expert [412].  Cori seeks to disclose Ryan Clark[1] of Hoffman Clark, LLC, as a rebuttal expert to Plaintiffs' damages expert Brian Buss.  On October 9, 2025, I entered a Case Management Order ("CMO") which provided that Cori shall disclose all expert witnesses pursuant to Rule 26(a)(2) no later than February 6, 2026.  The CMO also required that Cori make expert witnesses available for depositions, and have depositions completed, no later than March 6, 2026.  Cori filed her motion to disclose Mr. Clark on March 23, 2026, and therefore seeks to disclose Mr. Clark out of time.  Plaintiffs oppose Cori's motion.

---

[1] MBA, CPA, CVA, CFF, ABV.

1

After careful review of the pleadings and for the reasons set forth below, I will grant Cori's motion.

In determining whether to allow Cori to disclose her expert out of time, I consider whether Cori has shown good cause for the delay. When a party fails to timely disclose an expert, "[t]he district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.* The exclusion of evidence is generally disfavored. *See, e.g., ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 190 (8th Cir. 1995) ("Exclusion of evidence is a harsh penalty, and should be used sparingly.").

Here, Cori contends that she could not disclose her rebuttal expert until Plaintiffs' Motion to Disclose was resolved. On December 19, 2025, Plaintiffs filed a Motion to Disclose an additional expert witness. They sought to disclose an expert to testify about an alternative theory of damages in the case. In accordance with my November 4th Order, Plaintiffs were required to explain the need and

2

nature of the testimony of their proposed additional expert witness because they had requested that I extend their CMO deadline for disclosure.[2]  On March 12, 2026 I held a hearing on Plaintiffs' motion.  After the hearing, I issued an Order denying Plaintiffs' motion to disclose an additional expert.  ECF No. 407.  As a result, Plaintiffs have one damages expert, Mr. Buss, who has already provided his expert report and been deposed by Cori.  In support of her motion, Cori argues that she was unable to disclose her rebuttal expert on the issue of damages because the scope of Plaintiffs' expert opinions on damages had not yet been determined.  ECF. No. 412 at 2.  Once I denied Plaintiffs' motion, Cori states that she was able to confirm the scope of Plaintiffs' expert testimony on damages and confer with Mr. Clark to establish a timeline for his disclosure.  *Id.*

In their opposition, Plaintiffs contend that Cori should not be permitted to disclose her rebuttal expert because it would cause undue delay and prejudice to Plaintiffs.  They point out that further delay in this already lengthy litigation was one of Cori's main arguments in opposition to Plaintiffs' disclosure of an additional expert.  Plaintiffs argue that because I did not allow *them* to disclose an additional expert on damages out of time, I should not allow *Cori* to disclose an expert out of time.  Plaintiffs also assert that Cori has failed to show good cause.

---

[2] Plaintiffs requested I extend the deadline because I had not yet ruled on their Motion to Add a Party and File their Third Amended Complaint.

Specifically, they claim she cannot show that despite due diligence, the deadline could not have been met. (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008)).  ECF. No. 415 at 2.  Plaintiffs note that Mr. Buss's expert reports were available by January 2023, and Cori completed her deposition of Mr. Buss in 2023, which they argue would have left plenty of time to disclose Mr. Clark.  *Id.*  Moreover, Plaintiffs claim that if Cori's rebuttal expert "will not be offering any independent expert opinions" and his testimony is "solely" to rebut Mr. Buss's, then resolution of Plaintiffs' motion was "irrelevant to Mr. Clark's scope."  *Id.* at 3.

While I recognize why Plaintiffs would oppose Cori's motion to disclose when I denied their own, I find that Cori's request is distinguishable from Plaintiffs'.  Plaintiffs sought to disclose a *new* expert to provide his opinion on a *new* theory of damages based on reasonable royalties after spending the past nine years of litigation seeking relief only in the form of actual damages and unjust enrichment.  Mr. Buss's expert opinions are only about actual damages and unjust enrichment.  I stressed at the hearing that I would be denying Plaintiffs' motion to disclose in large part because "the factual underpinnings of the new theory of damages [would] require additional fact discovery."  ECF. No. 411 at 44.  I provided just a few examples of fact discovery that had not been pursued by either

4

party yet in this case and found that "to open that door, [it would take] at least six months to effect discovery." *Id.* at 42-43.

Although I denied Plaintiffs' motion, I find that Cori's motion does not present these same concerns. Cori notes that Mr. Clark "will not be offering any independent expert opinions," and allowing Cori to disclose a rebuttal expert will not require additional fact discovery. ECF. No. 412 at 3. As for Plaintiffs' argument that Cori did not have to wait until Plaintiffs' motion was resolved, Cori states that Mr. Clark would have "potentially offered rebuttal opinions to both Mr. Buss…and Mr. MacDonald (Plaintiffs' second damages expert)" if I had granted Plaintiffs' motion. ECF. No. 418 at 2. I find this reason for noncompliance is good cause for the delay. Plaintiffs sought to disclose an additional expert witness on the issue of damages *within* the case management timeline set for Cori to disclose her own experts. By the time Plaintiffs' motion was resolved, Cori's deadline for disclosure had passed. Further, I find that Cori disclosing an expert to rebut Plaintiffs' damages expert should not come as a surprise to Plaintiffs. Mr. Buss has been disclosed in this case since 2022, and Cori put Plaintiffs on notice that she had retained a rebuttal expert in her opposition to Plaintiffs' motion to disclose. *See* ECF. No. 383 at 14 n.6.

Even if I determined that Cori should have disclosed her rebuttal expert several months ago, I fail to see how granting Cori's motion now would "disrupt[]

5

the orderly progression of the litigation." *Lael v. Six Flags Theme Parks Inc.*, No. 4:13-CV-01226-SPM, 2014 WL 1389589, at *4 (E.D. Mo. Apr. 9, 2014).  Cori's proposed deadlines for producing Mr. Clark's report and completing his deposition are still within the existing case management timeline for completing discovery. Additionally, I find that the importance of Mr. Clark's testimony in allowing Cori *to rebut* Plaintiffs *only* damages expert outweighs Plaintiffs' concerns over the untimeliness of the disclosure.  *See Wegener*, 527 F.3d at 693 (concluding that the excluded expert's testimony "was not important to Wegener's case because it was offered to prove a point of which a substantial amount of other evidence was presented to the jury"); *see also Wood v. Valley Forge Life Ins. Co.*, 478 F.3d 941, 946 (8th Cir.2007) (finding the exclusion of the coroner's testimony harmless because there was "significant testimony" from a different expert about the cause of death).  Plaintiffs have only one damages expert for Cori to rebut.  Neither party has indicated that Cori will be offering significant testimony on the issue of damages from an expert other than Mr. Clark.

Applying the factors set forth by the Eighth Circuit in *Wegener*, I conclude that Cori has demonstrated good cause for seeking to disclose her rebuttal witness out of time.  I will therefore grant Cori's motion.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Cori's Motion for Leave to Disclose Rebuttal Expert [412] is **GRANTED.**

**IT IS FURTHER ORDERED that** Defendant Cori shall produce Ryan Clark's expert report by **no later than April 24, 2026.**

**IT IS FURTHER ORDERED that** Defendant Cori shall make Ryan Clark available for depositions, and have depositions completed, by **no later than May 8, 2026.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  13th  day of April, 2026.